JAMES L. CLARKSON, Respondent, v. MARTHA J. CLARKSON, Appellant.

**St. Louis Court of Appeals, December 22, 1885.**

1. DIVORCE—ALIMONY PENDENTE LITE.—A motion for alimony *pendente lite* may be granted by an appellate court where the appellant has not means with which to prosecute her appeal, and the merits of the appeal are debatable.

2. ———— PRACTICE.—On motion for alimony, pending the suit before an appellate court, the necessities of the wife, and the husband's financial ability to pay, should both be considered.

MOTION for alimony *pendente lite.*

*Sustained.*

J. G. LODGE, J. A. TALTY, and DINNING & BYRNE, for the appellant.

C. P. & J. D. JOHNSON, and GEO. D. REYNOLDS, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

A motion has been filed by the appellant for an allowance of alimony *pendente lite* in this court. The motion prays for an allowance of alimony in gross, in the sum of one thousand dollars, and is accompanied by affidavits tending to show that seven hundred and fifty dollars is a reasonable amount for counsel fees in this court; that the greater part of the transcript fee, amount-

ing to three hundred and three dollars, remains unpaid, and that the defendant wife has no means of her own.

The motion is resisted on the grounds that this court has no jurisdiction in the premises, and that the alimony demanded is excessive.

This court has heretofore repeatedly held that in default of the circuit court to make provision by way of alimony for an appellant wife, it has power to make such provision, as incident to its appellate jurisdiction. *Miller v. Miller*, 14 Mo. App. 418; *Dwyer v. Dwyer*, 16 Mo. App. 422.

Nothing has been suggested to us on this hearing which should lead us to reconsider our former ruling. It is not claimed that this appeal is not prosecuted in good faith; the decree of divorce was granted on the ground of indignities, etc., the testimony is conflicting, so that the merits of the appeal are fairly debatable.

Upon such motion, however, not only the necessities of the wife, but the husband's ability to pay, must likewise be taken into consideration. While the record consists of seven hundred pages, and a correct presentation of the case may involve considerable labor, it appears that the husband's means are limited, not exceeding $15,000 in value, and consist of unproductive property.

These being the facts, we do order that the appellant's motion for alimony be sustained; that the respondent do pay the costs of the transcript from the records of the circuit court, remaining unpaid, not exceeding the sum of two hundred dollars, and also two hundred dollars for the appellant's counsel fees in this court; that he do so on or before the fifth day of January next, and that in default of his complying with this order, judgment be entered against him for the sum of two hundred dollars in favor of the defendant appellant. All the judges concur.