**Aleen B. Ragen, Appellant, v. James M. Ragen, Jr. et al., Appellees.**

**Gen. No. 46,369.**

First District, First Division.

December 13, 1954.

Released for publication March 7, 1955.

Robert M. Prince, Hobart E. Early, and Christian M. Lauritzen, and Jay Stough, all of Chicago, for appellant.

Johnston, Thompson, Raymond & Mayer, of Chicago, for certain appellee; Floyd E. Thompson, and Charles J. O'Laughlin, both of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from an order of the superior court of Cook county quashing service of process by publication on James M. Ragen, Jr., hereinafter called defendant, and striking and dismissing Count I of her complaint in the nature of a bill of review, praying among other things for a review and rehearing of the issues in the divorce proceeding of plaintiff versus defendant, lately pending in the court, pertaining to the award of alimony and support money and the settlement of the property rights of the parties.

Plaintiff filed her complaint for divorce January 23, 1952 alleging her marriage to defendant, the birth of three children, two of whom are still living and are minors, and desertion by defendant without her fault on April 15, 1950. She alleged further that defendant was a man of great wealth, the owner of several busi-

nesses and of real estate in. Cook county, and asked that the real and personal property of defendant, described in the complaint and located in Cook county, be subjected to the payment of all alimony, maintenance and support of the children and solicitors' fees ordered and decreed by the court to be paid by defendant, and that defendant and other persons and corporations named as defendants in the complaint be restrained until further order of the court from encumbering, charging, selling or otherwise disposing of the real or personal estate of the defendant, or attempting to encumber, charge, sell or otherwise dispose of said estate. Defendant was served by publication. April 28, 1952, plaintiff was awarded $2,500 a month as temporary alimony and support money for the children. June 20, 1952, defendant filed his answer to the complaint.

On July 3, 1952, a decree of divorce was entered. Plaintiff was given the custody of the children. The court found that subsequent to the filing of the complaint, plaintiff and defendant had entered into an agreement concerning their respective rights in and to the property, income or estate which either of them owned or would thereafter acquire, and that each party had represented that he had made a full disclosure to the other party of all property owned by him, including all income derived therefrom and from all other sources, and ordered, adjudged and decreed the payment by defendant of alimony and support money in the sums, at the times and upon the conditions stated in the agreement, and that defendant deposit with an escrowee in the City of Chicago certain insurance policies and corporate stock as further security for the payment of said sums. The court reserved jurisdiction for the purpose of enforcing the decree or modifying it upon a showing of material change in the circumstances of the parties.

On May 19, 1953 by leave of court plaintiff filed her complaint in the nature of a bill of review. In addition

to the foregoing facts she alleged that defendant fraudulently concealed from her a large part of his property, income and estate; that the statement of his net assets as set forth in the schedules attached to the agreement between the parties referred to was an incorrect statement of the assets of defendant as of that time, and that the assets listed in these schedules were intentionally undervalued approximately $250,000; that relying upon the fraudulent representations of defendant as to his assets and income, she accepted the alimony and support money offered by defendant and incorporated in the agreement and in the decree; that she first learned of the fraud practiced on her after the entry of the decree. She prays that the defendant and other persons and corporations named as defendants in the complaint be enjoined until further order of the court from charging, encumbering, selling, transferring, hypothecating or otherwise disposing of any property, real or personal, of the defendant; that the court appoint a receiver to protect the rights of the plaintiff to all the property and assets of defendant; that the assets of defendant, including both realty and personalty, be charged with the cost of any and all further orders of or proceedings in the court, including, but not restricted to, alimony, support money and attorneys' fees; that the court review and rehear the portions of the divorce cause which pertain to alimony and to the property and income of the defendant and modify the decree in said cause by revising, vacating or reconstituting those provisions which pertain to said alimony, properties and income, but that the court take no action in respect to the parts of the decree providing for the divorce, custody of the children, support of the children and escrow agreement.

Service of process by publication was made as to defendant. He appeared "specially and for the sole and limited purpose of objecting to the jurisdiction of the court and for no other purpose whatsoever," and moved

to set aside "the purported service of process attempted to be made on him herein." The court found that it had "no jurisdiction over the person of James M. Ragen, Jr., and therefore no jurisdiction to award the relief to plaintiff prayed for in Count I of her complaint," and ordered, adjudged and decreed that "Count I of plaintiff's complaint be and the same is hereby dismissed," and that "plaintiff's motion to quash in so far as it is not herein allowed, be and the same is hereby denied."

[1] The divorce decree insofar as it provides for the payment of alimony and support money and a settlement of the property rights of the parties, is a consent decree. It can only be set aside by an original bill in the nature of a bill of review. Hohenadel v. Steele, 237 Ill. 229; Bergman v. Rhodes, 334 Ill. 137; Massell v. Daley, 404 Ill. 479. The rule governs divorce decrees. In Smith v. Smith, 334 Ill. 370, cited by defendant, the court held that relief from consent provisions of a decree relating to alimony could be obtained only by a proper proceeding under the general equity powers of the court, and said (p. 378): "As a contract it (the decree) is binding on the parties unless induced by fraud. If so, it must, like any other contract, be attacked by some method recognized by courts of equity for relief from fraud."

As a complaint in the nature of a bill of review must be filed in the court which rendered the original decree (People v. Sterling, 357 Ill. 354), plaintiff has no remedy unless jurisdiction of defendant or his property can be obtained in this proceeding. A purely personal decree in a divorce suit awarding alimony against a nonresident defendant who is notified of the proceeding constructively by publication and who does not appear, is not binding upon him. However, it is settled beyond controversy in this State that the property of a nonresident defendant may be subjected to the payment of alimony and support money

449

upon service by publication. Wilson v. Smart, 324 Ill. 276; Kohl v. Montgomery, 373 Ill. 200; Killebrew v. Killebrew, 398 Ill. 432; Schneider v. Schneider, 312 Ill. App. 59.

Wilson v. Smart was a suit for partition of farm land in Shelby county. The title of Wilson, the plaintiff, depended upon the validity of a sheriff's sale of an undivided one-fifth interest in the land under an execution issued in a divorce suit in which Albert C. Snyder, defendant and execution debtor, had been served by publication and as to whom the bill had been taken as confessed for want of an appearance. By the decree Agnes M. Snyder, the plaintiff, was awarded $650 as alimony and $50 as solicitor's fees. These sums were specifically made a lien or charge on the undivided one-fifth interest of the defendant in the land later involved in the partition suit. On default in payment, execution was issued and defendant's interest sold by the sheriff, as ordered in the decree. A sheriff's deed was issued to Agnes M. Snyder, the purchaser. She devised her interest to Wilson. On petition filed by him, Snyder was made a defendant to the partition suit. He and his four sisters, owners of the remaining undivided four-fifths of the land, contended "that a decree for alimony is a personal decree unauthorized by constructive service of process; that the circuit court of Shelby county had no power or authority to direct the satisfaction of the provision of the decree for alimony out of the defendant's real estate in that county, and that in consequence the execution and sheriff's sale pursuant to the decree were void." In denying this contention the Supreme Court said (pages 281–282):

"Although a court is powerless to enter a personal decree based solely on constructive service of process against a non-resident defendant, yet it has power to deal with his property within the court's territorial

jurisdiction. Substituted service by publication and mailing, or in any other authorized form, is usually sufficient where the object of the action is to reach and dispose of property, or of some interest in property, within the State. . . . Constructive service of process upon a non-resident defendant in a proceeding against or concerning specific property of the defendant within the court's jurisdiction will enable the court to render a decree which is binding upon such property. Decrees for alimony or maintenance in such proceedings, based upon such service, have been sustained." (Cases cited.)

After referring to sections 6, 15 and 18 of the Divorce Act (Cahill's Stat. 1925, p. 935) and sections 42 and 44 of the Chancery Act (Cahill's Stat. 1925, p. 219) the court continued (p. 283):

"The provisions of the Divorce and Chancery acts to which reference has been made empower the court to subject the divorced husband's property within its jurisdiction to a lien or charge for the alimony awarded and to enforce its payment by a sale of such property."

By publication and mailing of notice pursuant to the statute, the court acquired jurisdiction of the property, real and personal, of the defendant herein, located in Cook county, with full power to render a decree binding upon such property and subjecting the same to the payment of whatever alimony, support money, solicitor's fees and costs may be ordered or decreed. The trial court erred in quashing the service of publication and in dismissing Count I of the complaint.

The order appealed from is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BURKE, P. J. and FRIEND, J., concur.