Margaret Geraldine CARROW, an Infant, by Edward W. Simms, her next friend (Plaintiff), Respondent,

v.

Carl Monroe CARROW (Defendant), Appellant.

Nos. 29457, 29541.

St. Louis Court of Appeals. Missouri.

Sept. 18, 1956.

Thurman, Nixon & Blackwell, J. W. Thurman, Earl R. Blackwell, Hillsboro, for appellant.

Albert. S. Ennis, William L. Pannell, Festus, for respondent.

HOUSER, Commissioner.

These cases come to the writer on re-assignment.

These are two appeals from orders entered by the Circuit Court of Jefferson County on two after-trial motions filed in a divorce case. The first motion filed was that of the husband, a motion to quash an execution issued on a judgment for child support. The second was the wife's motion for suit money. and attorney's fees for the conduct of her defense on the appeal of the

order made on the first motion. The circuit court overruled the first and sustained the second motion. The husband has appealed from both adverse orders. The appeals have been consolidated and this opinion will dispose of both.

Preliminary to a consideration of the merits of these appeals we notice the wife's motion to dismiss the first appeal on the ground that the order overruling the husband's motion to quash the execution did not constitute a final determination of all the issues; that the court had failed to make an order on the clerk to distribute to plaintiff the funds recovered by garnishee process and paid into court, as a result of which it is said that there was no final judgment from which an appeal could be taken. It was stipulated by the parties that the sum of $229.46 was recovered on an execution issued on the judgment for child support and that said sum is now being held by the Clerk of the Circuit Court of Jefferson County "for distribution at the conclusion of this action."

■ Orders and judgments made appealable by Section 512.020 RSMo 1949, V.A.M.S. include "any special order after final judgment in the cause". This refers to orders in special proceedings attacking or aiding the enforcement of the judgment. City of Caruthersville v. Cantrell, Mo.App., 241 S.W.2d 790, and case cited, loc. cit. 791. Certainly a motion to quash an execution is a special proceeding attacking the enforcement of a judgment. The order overruling the motion to quash is a "special order after final judgment in the cause". The principal cause—the divorce action—had been disposed of. The order was made in a proceeding independent of the proceedings in the principal cause. The overruling of the motion was a final and complete disposition of the subject matter of the motion. The order is appealable. Section 512.020, supra; McDougal v. McDougal, Mo.App., 279 S.W.2d 731, loc. cit. 735, and cases cited; City of Versailles v. Ross, Mo.Sup., 208 S.W. 454. The fact that the court failed to make an order of distribution has no bearing on the question whether this particular after-judgment order is appealable. No issue with respect to the distribution of the money obtained by garnishment had been raised or remained undetermined at the time this appeal was taken. So far as this record discloses there is nothing to show that the husband contests the right of the wife to an order of distribution if the principal issue raised on this appeal (the validity of the judgment for child support) is determined in her favor. In that event the making of the order of distribution would be perfunctory. The motion to dismiss the appeal should be overruled.

On the first appeal the sufficiency of the record to sustain an execution is challenged. The facts are that at the time she procured her decree of divorce on January 12, 1949 the wife was pregnant. In the divorce decree, following a provision for the payment to the wife of "$150.00 confinement expenses" there was a provision "that the support judgment for the child (to) be later determined." Thereafter and without the filing of any motion to modify the judgment of January 12 or the issuance of any summons or the giving of any notice to appellant the circuit court on March 23, 1949 entered an order as follows: "It appearing to the Court that the child has been born, therefore defendant is ordered to pay $25.00 monthly for support of child." The execution in question was issued on the basis of the latter record entry.

■ The motion to quash the execution should have been sustained. The trial court had authority under 42 V.A.M.S. Supreme Court Rules, rule 3.25 to reopen, correct, amend or modify its judgment for good cause at any time within 30 days after January 12 but not thereafter, in the absence of a proper application or motion by a party under Section 452.070 RSMo 1949, V.A.M.S. The court's order for child support in this instance was made after the expiration of the 30-day period, without the filing of any application or motion by a par-

ty and apparently on the court's own initiative. The court had no power to make this order. In order to accomplish the modification of a divorce decree after the expiration of the 30-day period to provide for the maintenance of an after-born child not only must a party file a supporting "application" or pleading but also the case falls within the general rule that, in order to invoke the jurisdiction of the court, the motion must state a claim upon which relief can be granted, i. e., new facts and a change of circumstances, Roberts v. Roberts, Mo.App., 292 S.W.2d 596, and cases cited, and the party must make the required proof of a change of conditions after the entry of the divorce decree. Wilton v. Wilton, Mo.App., 235 S.W.2d 418, and cases cited, loc. cit. 419. In this connection see Laumeier v. Laumeier, 308 Mo. 201, 271 S.W. 481; Shannon v. Shannon, 97 Mo.App. 119, loc. cit. 126, 71 S.W. 104.

Respondent, however, contends that the judgment of January 12 was not a final judgment because it did not dispose of all of the issues in the case; that while it disposed of the divorce issue there yet remained for determination the issue concerning child support which respondent claims was raised by the allegation that she was an expectant mother, the prayer for custody of the "child to be born of said marriage," and the evidence given at the trial relating to her pregnancy; that the issue was in the mind of the court as attested by the wording of the order that the matter of a judgment for support "for the child" be determined later; that as of January 12 the judgment was either interlocutory, or final in part and interlocutory in part, and that the judgment did not become a complete and final judgment until March 23, when final disposition of all issues before the court was made. Respondent's position cannot be sustained. On January 12 there was no issue before the court relating to child custody or child support. Such an issue would arise only, if and when there was a child in being. It could not exist prior to the birth, delivery and separate existence of the child as an individual. Prior to the birth of the child all questions of child support and custody were quite satisfactorily provided for by Nature, in a manner "far above our poor power to add or detract." The decree of January 12 was a final adjudication of all of the issues which were then before the court. The birth of the child subsequent to the expiration of the 30-day period constituted a change of conditions requiring a formal application by a party under Section 452.070, supra, in order to effect a modification of the decree of January 12. The record entry of March 23 was a nullity, wholly insufficient to support the issuance of an execution. The overruling of the motion to quash the execution constituted reversible error.

On the second appeal the husband makes the point that the court erred in sustaining the wife's motion for suit money and attorney's fees for these reasons: the court was without jurisdiction, there was no hearing for the purpose of determining the financial abilities of the parties, and the motion was unverified.

▬▬ The lack of jurisdiction is said to arise from the fact that the order of allowance was untimely. Appellant contends that the order overruling the motion to quash, made on September 13, 1955, was a judgment over which the trial court had control for only 30 days; that this judgment became final on October 13, 1955 and the trial court lost control over it at that time; that nevertheless the court on January 9, 1956, almost 4 months after judgment and almost 4 months after the appeal had been perfected, attempted to reopen and amend the judgment of September 13 by including the allowances in question as a part of the judgment. Appellant cites Supreme Court Rules 3.24 and 3.25 which, respectively, provide in part that for the purpose of ascertaining the time within which an appeal must be taken a judgment becomes final at the expiration of 30 days after the entry of the judgment, and that the trial court retains control over judgments

during the 30-day period after entry of judgment and may reopen, correct, amend or modify its judgment for good cause within that time, and Flynn v. First National Safe Deposit Company, Mo.Sup., 284 S.W.2d 593, in support of its position on the matter of jurisdiction.

Appellant mistakenly conceives of the order of allowance dated January 9, 1956 as an amendment or modification of the previous order overruling the motion to quash. While referable to the principal question, namely, the validity of the execution, the question of attorney's fees and suit money is a separate and distinct matter, not arising until after entry of final judgment on the principal question, and calling for an order from which a separate and distinct appeal will lie. Simms v. Simms, Mo.Sup., 253 S.W.2d 814; Noll v. Noll, Mo.App., 286 S.W.2d 58. It is not required that the order of allowance be made before the judgment becomes final, as appellant contends. On the contrary, it has been specifically ruled by this court that the trial court has no jurisdiction to order payment of alimony pendente lite until an application for appeal has been made or an appeal granted. Drennan v. Drennan, Mo.App., 104 S.W.2d 691. Since the decision of State ex rel. Kranke v. Calhoun, Mo.Sup., 232 S.W. 1038, it has been the settled law of this state that the circuit court, in an action for divorce, after a final decree has been rendered and an appeal allowed, has jurisdiction to hear and determine the wife's motion for alimony and suit money pending appeal. Jones v. Jones, Mo.App., 164 S.W.2d 162; Glass v. Glass, 226 Mo.App. 78, 39 S.W.2d 816; Drennan v. Drennan, supra. And see Annotation: Alimony—By Trial Court—Pending Appeal, 19 A.L.R.2d 713. In the Glass case the motion for allowance was filed 10 days after the appeal was taken, and during a subsequent term. In the Drennan case [104 S.W.2d 692] this court on May 4, 1937 ruled that the circuit court on that date had jurisdiction to consider "any motion that may be filed for suit money and attorney's fees pending the appeal", (our

italics) in a case in which the appeal was taken in the principal case on October 25, 1935. The theory on which these cases proceed is that the statute authorizing alimony, Section 452.070, supra, permits its allowance "pending the suit for divorce", and that the action is pending until the appeal is disposed of. Nolker v. Nolker, Mo.Sup., 257 S.W. 798, loc. cit. 807. The trial court had jurisdiction.

The fact that there was no hearing for the purpose of determining the financial abilities of the parties (a fact conceded in the briefs of counsel) requires the reversal of the order of allowance. The right of the wife to allowances of attorney's fees and suit money pending the appeal depends upon her financial necessities and the financial ability of her husband. If she has sufficient funds to support herself and to properly prosecute her defense she is not entitled to such allowance. When she files a motion there must be a hearing and a determination of the facts upon which such allowance depends. Howey v. Howey, Mo.App., 276 S.W. 84; Clarkson v. Clarkson, 20 Mo.App. 94; Bovard v. Bovard, 233 Mo.App. 1019, 128 S.W.2d 274; Noll v. Noll, supra, 286 S.W.2d loc. cit. 61, and many cases there cited. Entry of the order of allowance without a hearing on the question constituted reversible error.

Accordingly, it is the recommendation of the Commissioner that the motion to dismiss the appeal be overruled; that the order of the circuit court dated September 13, 1955, overruling defendant's motion to quash execution, be reversed and Cause No. 29,457 be remanded with directions to sustain said motion, and that the order dated January 9, 1956, allowing attorney's fees and suit money, be reversed and Cause No. 29,541 be remanded for further proceedings not inconsistent with the views expressed in this opinion.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

Accordingly, in Cause No. 29,457 the motion to dismiss the appeal is overruled, the judgment of the circuit court is reversed and the cause remanded with directions in accordance with the opinion of the court; and in Cause No. 29,541 the judgment of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with the views expressed in the opinion of the court.

RUDDY, Acting P. J., MATTHES, J., and NOAH WEINSTEIN, Special Judge, concur.