**Frances Jeanette BAGLEY, Now Known as Frances Taylor, Plaintiff-Respondent,**

v.

**Everett Richard BAGLEY, Defendant-Appellant.**

**No. 33738.**

St. Louis Court of Appeals, Missouri.

Nov. 24, 1970.

William P. Chulick, St. Louis, for defendant-appellant.

C. Arthur Anderson, William B. Quinn, St. Louis, for plaintiff-respondent.

DOWD, Judge.

This is an appeal by the divorced husband from a judgment of the Circuit Court of the City of St. Louis in favor of plaintiff modifying a divorce decree by increasing child support payments from $12.50 per week to $37.50 per week. The court also awarded plaintiff $150.00 for attorney fees. Defendant makes no complaint about the attorney fees award.

Defendant contends that the court erred in increasing the child support from $12.50 to $37.50 per week because the evidence was wholly insufficient to support such an increase and the court failed to consider the child's needs in relation to the father's ability to pay. We agree.

A decree of divorce was granted plaintiff on June 29, 1959 and defendant was ordered to pay $12.50 per week for the support of their one son who was then ten years old. In June of 1962 defendant voluntarily increased the child support payments to $15.00 per week.

Plaintiff alleges in her petition that their son is now 18 years old and is entering college and that the support money is insufficient for his support and education.

The son attends Washington University at night on a scholarship and pays no tuition. He attends nine hours of classwork a week. He lives with his mother. He works at a department store four or five hours a day four days a week and eight hours on Saturday. His gross salary is from $30.00 to $40.00 per week and he nets from $25.00 to $35.00 a week. He would like to go to school full time and not work. The testimony concerning his expenses is as follows: Clothing $200.00–$400.00 a year; meals at school $8.00 a week; gasoline for auto $6.00 a week; $5.00 a week for recreation. The plaintiff testified that she needed $30.00 a week for the son. The son drives a 1967 Mustang which is in poor condition. This is the extent of the testimony by the plaintiff and the son as to his needs and expenses.

The defendant-husband's testimony is as follows: He works for the Terminal Railroad Association, his gross salary per week is $129.65 and his net salary is $85.00; $350.00 per year is deducted from his gross

salary for railroad retirement. His living expenses a week are as follows: hotel room $11.95; food $24.00; auto expenses $6.00; smoking $6.30; clothing $2.50; laundry $2.25; miscellaneous expenses including recreation and toilet articles $9.00; payment on loan $5.00; payment on department store account $5.00; child support $15.00. His total expenses are about $87.00 per week. He has no money in bank; owns no stocks or bonds and drives a 1966 Chevrolet II.

Our review is governed by Civil Rule 73.01(d), V.A.M.R., which provides that we shall review the case upon both the law and the evidence as in suits of an equitable nature. We determine the facts from the record as in a trial de novo and render the judgment that should have been rendered. In this case there is no such conflict in the evidence as to call for us to defer to the finding of the trial court. Sportsman v. Sportsman, Mo.App., 409 S.W.2d 787[2]. It was the duty of the trial court to determine the reasonable needs of the minor son and to have them met according to the father's reasonable ability to do so. McCann v. McCann, Mo.App., 448 S.W.2d 323[8].

Applying this test of our review we believe that this increase for child support from $12.50 per week to $37.50 per week was an abuse of judicial discretion and in conflict with our finding.

Here the son attends college at night on a scholarship and pays no tuition. He works part time at a department store and his net salary is from $25.00 to $35.00 per week. His clothing needs are estimated at from $200.00 to $400.00 per year which we consider excessive. His other expenses listed were $8.00 for meals at school, $5.00 per week for recreation and $6.00 a week for gasoline. He drives a 1967 Mustang which is stated to be in poor condition. However, his father drives a 1966 Chevrolet II which is a year older than the son's automobile. The mother's statement that she needs $30.00 per week for the son must be based on the evidence in the record as to needs and expenses. This conclusion was not supported by the evidence.

The defendant-husband's gross salary is $129.65 and his net salary is $85.00; his total living expenses are about $87.00 per week. Without detailing again the expenses of the father it is readily apparent that the father does not have the financial ability to meet this increase which amounts to a tripling of the original order for child support. We find this increase excessive.

Therefore, that portion of the judgment increasing the child support from $12.50 to $37.50 is set aside with directions that the trial court enter a judgment increasing the child support from $12.50 to $20.00 per week. All costs to be taxed against defendant.

WOLFE, P. J., and BRADY, J., concur.