**Marlene Jane TOTH, Plaintiff-Respondent,**

**v.**

**Alexander Charles TOTH, Jr., Defendant-Appellant.**

**No. 34223.**

*Missouri Court of Appeals,*
St. Louis District,
Division One.

July 11, 1972.

**418**

Ludwig Mayer, Clayton, for defendant-appellant.

James L. Sullivan, David E. Evans, St. Louis, for plaintiff-respondent.

BRADY, Chief Judge.

Defendant husband initiated this action to modify a decree of divorce previously

awarded plaintiff wife. Plaintiff filed her motion to modify the decree seeking greater child support and attorney's fees. The trial court denied both motions and awarded plaintiff $500.00 attorney's fees. Defendant appeals.

Initially we are confronted with a question of our jurisdiction. The defendant's motion was captioned: "Defendant's Motion to Modify Decree of Divorce and to Adjudge Credits Due Defendant on account of Judgment for Support of Children." While not raised by either party (indeed we note plaintiff did not deem it necessary to favor us with a brief), defendant has charged error on the part of the trial court " * * * by reason of its failure to adjudicate the credits due defendant on account of the judgment for alimony and support of children which accrued by reason of plaintiff's admitted breach of the provisions of the court approved stipulation and agreement * * *." When read with the motion as captioned this allegation necessarily raises the question of whether we here have a "final judgment" within the meaning of § 512.020, RSMo., V.A.M.S. The ruling of the trial court stated: "Defendant's Motion to Modify Decree of Divorce previously heard and submitted is now, after due deliberation, denied by the Court."

■ The law regarding the right of appeal is too well established to require extensive analysis. It is enough to say it is purely statutory and that a judgment is not final and appealable unless it disposes of all the issues as to all the parties. §§ 511.-020 and 512.020, RSMo., V.A.M.S. See also Notes 101–103, § 512.020, *supra*; Mo. Digest, Appeal & Error, ☞78 [1].

■ A motion to adjudge credits as herein captioned by defendant is unknown to Missouri law. Defendant has not cited nor have we found any case where a motion so denominated has been ruled on appeal. But the character of a cause of action must be determined from the factual allegations of the pleading without regard

to the caption or name assigned. State ex rel. Maddox v. Garner, Mo.App., 459 S.W.2d 40, l. c. 44[3].

Paraphrased, the allegations of the motion pertaining to adjudication of credits are that since 1966 plaintiff claimed the two children of the parties as exemptions for tax purposes without the knowledge or consent of defendant and in violation of the agreement of the parties filed and approved with said decree of divorce; that, as a result, defendant's claim of the children as exemptions was disallowed and he was assessed additional taxes in the approximate amount of $1,006.00 for the years 1966 through 1969; and that plaintiff has failed and refused to credit him for these amounts against the amounts he was paying for the support of said children pursuant to the decree of divorce. Defendant prayed the court order plaintiff to satisfy as much of any current or future installments the decree required him to pay for the support of children and/or alimony as was equal to the additional taxes he had to pay. It is therefore clear that regardless of how this motion is captioned defendant seeks modification of the decree so as to reflect the amounts he feels he lost as a result of plaintiff's failure to comply with the provisions of the agreement of the parties. He was not asking the court to enter satisfaction of a prospective, indefinite and currently unknown judgment, assuming arguendo that such action would be possible.

■ Our conclusion in this regard is supported by defendant's actions at the hearing. At the outset of the trial, the court stated: " * * * we will proceed on the hearing to modify on Plaintiff's Motion to Modify the Decree of Divorce, and Defendant's Motion to Modify Decree of Divorce." Defendant made no effort to correct the judge so as to indicate an additional motion. Defendant presented evidence on the issue of his loss due to plaintiff's claiming of the children as exemptions but throughout the trial he gave no indication he sought anything other than

modification of the decree. At the conclusion of the case he filed a motion to vacate, reopen, correct, amend or modify the order denying his motion or in the alternative for a new trial. The prayer of that motion did not ask the court to enter an order on his motion to adjudicate credits. Finally, he has alleged error not because the court failed to rule on a distinct motion but because the court failed to adjudicate credits in its order denying his motion to modify. The inescapable conclusion is that the only issue presented was the motion to modify and that when the trial court ruled that issue it disposed of all issues in the case. It follows its ruling thereon was final and appealable.

We turn now to the allegations of error charged by defendant. Defendant alleges error by the trial court in awarding plaintiff attorney's fees and costs; failing to adjudicate credits due defendant against child support caused by plaintiff taking tax deductions for children; denial of a fair hearing in that the trial court made a comment at a hearing in chambers clearly showing prejudice against defendant; and in refusing to lower child support despite evidence of changed circumstances.

By the decree entered in the divorce proceeding in 1964 plaintiff was awarded custody of the two minor children and defendant was ordered to pay child support in the amount of $87.50 per child per month and $125.00 alimony per month. As part of the decree, the court also approved a stipulation entered by the parties. Paragraph 4 of the stipulation stated in part: " * * * defendant shall have the sole and exclusive right to claim said children as exemptions for tax purposes * * *."

To establish "changed circumstances" defendant introduced evidence to show that since the divorce he had remarried and was the father of two minor children from that marriage. At the time of the divorce in 1964 defendant was the owner and operator of a heating and air conditioning business with an income of approximately $15,200.00 for the year immediately preceding the divorce. From 1964 to 1970 the business began to experience considerable losses and his income diminished accordingly. During the years from 1965 to 1969 his income derived from the business fluctuated from a low of $10,046 to a high of $20,878, with the average being $14,578. He estimated an income of $8,000 in 1970. During those same years the corporation had a rather spotty record. There were three years when it lost money and two years when it made a profit. The average of the five-year period was a profit of $2,999.

In July of 1970 defendant with his present family moved to Choctaw, Arkansas, where he purchased facilities and a license to operate a boat dock for the sum of $60,000.00. The financial arrangement consisted of a $5,000.00 cash down payment, a note for $30,000.00 made out to the previous owner requiring an annual payment of $1,914.35, a note for $7,100.00 payable at $596.00 per month, and another note for the balance which required a yearly payment of $1,416.00. The latter two notes were assumed by the defendant when he bought the boat dock. As to his current income, defendant had been receiving until December of the previous year $161.37 from a second deed of trust on his home in St. Louis and various checks totaling $70.00 per month in dividends from three separate stock holdings. The stock holdings are pledged as collateral on the notes for the purchase of the boat dock. In addition to this, defendant also receives whatever income is generated by the boat dock, but during the first eight months of his operation the boat dock has experienced an operation loss of about $7,714.02. Nevertheless, he gave his estimated income for 1970 as $8,000.00. He estimated he would receive $9,700.00 in boat dock rental for 1971. He gave no estimate as to the amount he could expect to receive from sales and service during that year. Defendant's current living expenses were estimated at $60.00 per month for food, clothing and recreation, $295.00 per month

for food, clothing and recreation for his wife and children, $100.00 child care expense for his two children when his wife is working with him at the boat dock, $100.00 per month rent, $45.00 per month utilities, $25.00 per month car expense, $50.00 per month insurance, for a total of $675.00. Defendant has no other assets.

In violation of their agreement plaintiff claimed the children as exemptions in 1966. After an I.R.S. audit she was allowed to take the exemptions and defendant was forced to pay additional federal and state income taxes amounting to $248.00 for 1966, $292.00 for 1967, $248.00 for 1968, and $338.00 for 1969. Plaintiff acknowledged claiming the children as exemptions in violation of the stipulation but stated she had done so because "* * * I was angry at the time, * * *." Finally, defendant stated that for the three months immediately preceding the trial he only paid plaintiff $70.00, $70.00 and $65.00 for alimony and child support.

Plaintiff testified her income for the years after the divorce amounted to $6,645.88 for 1965, $5,224.21 for 1966, $3,711.97 for 1967, $7,301.55 for 1968, $8,230.70 for 1969, and $4,710.73 for 1970. The $1,500.00 alimony was included in the return for each year.

Plaintiff acknowledged that pursuant to the stipulation and agreement she had received the residence of the parties. However, due to a bad business investment made by her, the facts of which are not necessary to this decision, she was forced to sell the home in July of 1970. The selling price was $52,500.00 out of which she received only approximately $21,000.00. The remainder of the selling price went to pay off preexistent mortgages. For the year 1970 her living expenses, together with those of the children, amounted to $16,837.61. All that remained of the $21,000.00 was two accounts in the names of the children in the amount of $1,936.78 each, the remainder having been used to

pay off debts incurred in the business venture.

Regarding living expenses, the plaintiff testified that of the $16,800.00 spent the previous year, $10,800.00 was attributable to the children alone. She estimated this expense would increase as the children grew. While both of her children are currently in good health their orthodontist has indicated the need in the near future for braces for their teeth. The estimated cost of this was $1,000.00 per child.

Other than the bank accounts in the children's names, plaintiff has no other assets except some furniture. All the stock holdings which she possessed at the time of the divorce had been converted to pay for debts arising out of the business. While she was currently engaged in selling insurance, business had fallen off significantly and she anticipated changing her occupation to selling educational materials in the near future. Plaintiff also testified that she had remarried just prior to the hearing.

Plaintiff's attorney took the stand in order to testify concerning attorney's fees. It was his testimony that the plaintiff was not in a position to pay attorney's fees and he estimated that he had expended effort and time amounting to $1,450.00 in fees.

After hearing the evidence the trial court entered its order denying both motions and awarding plaintiff $500.00 attorney's fees. Defendant filed a motion to modify, vacate, reopen, amend or correct the order or in the alternative for a new trial. Included in this motion was a request for a written opinion by the court containing grounds for its decision under Rule 73.01(b), V.A.M.R. Attached to the motion was an affidavit of defendant's counsel stating that at a pre-trial conference plaintiff's attorney made reference to the fact that defendant's father-in-law was a prominent St. Louis businessman and the trial court after recommending disposition without a hearing stated: "* * * de-

fendant's father-in-law could provide for the support of the two (2) children of defendant's present marriage and defendant could then provide for the support of the two (2) children of his marriage to plaintiff."

The court overruled the post-trial motion and specifically denied the request for a written opinion stating grounds for its decision "* * * as being presented to the Court at too late time; that there was no request at the time for the Court to give an opinion on findings of law or findings of fact prior to the decision that the Court rendered." As to the matter contained in defendant's attorney's affidavit, the court dictated into the record that it did not remember making such a remark, and if it did do so, it did not take the fact into consideration when making its decision. Plaintiff's attorney also stated for the record that he was present at the pre-trial conference and that he did not recall any such remark being made.

■ The allowance of attorney's fees and court costs is a matter largely discretionary with the trial court in view of the circumstances of both parties. The test in proceedings of this nature is whether the wife is possessed of sufficient means to prosecute the suit on her own, for if she has such means the husband is not required to meet those expenses. Engler v. Engler, Mo.App., 455 S.W.2d 36.

■ There was sufficient evidence for the trial court to find that plaintiff had no available assets and her outlook for future income was very cloudy. On the other hand, while defendant also had experienced losses in his business he still had some remaining assets and from his own testimony a relatively predictable future income. On that basis we do not feel the award of $500.00 was an abuse of discretion.

Defendant's allegation of error regarding the failure of the court in its order to give him credit for loss of income tax exemptions is grounded on the fact that the stipulation and agreement were filed and approved by the court granting the divorce. We note, however, that while the terms of the divorce decree were consistent with the stipulation, the only reference to the stipulation was the last sentence of the decree which stated: "Stipulation filed and approved dated December 9, 1964."

■ It is well settled that parties to a divorce action may properly enter an agreement determining their property rights growing out of the marriage including the wife's claim for alimony and/or support and maintenance of the children. North v. North, 339 Mo. 1226, 100 S.W.2d 582; Luedde v. Luedde, 240 Mo.App. 69, 211 S.W.2d 513. It is equally well settled that the trial court can incorporate the stipulation and agreement into the divorce decree. Aronberg v. Aronberg, Mo.App., 316 S.W.2d 675. If the decree incorporates the terms of the agreement, the agreement can only be changed by a modification action. If, on the other hand, the agreement is merely approved by the court and not incorporated into the decree, modification is not an appropriate remedy. Jenks v. Jenks, Mo.App., 385 S.W.2d 370. In the instant case the agreement was "filed and approved" by the trial court and therefore modification is not the proper remedy. Singer v. Singer, Mo.App., 390 S.W.2d 605. In other words, the agreement between the parties constituted a contractual obligation which while enforceable by an action for breach of contract is not subject to modification. Since the court was without jurisdiction to grant the relief sought by defendant, its failure to do so cannot constitute error.

■ Defendant's allegation the trial court was influenced by extraneous considerations and, therefore, did not afford defendant a fair trial rests upon an affidavit submitted by his attorney as part of his motion for a new trial. Contrary to this is the statement by the trial court and the

statement and affidavit of plaintiff's attorney. Even if we assume the remark was in fact made, when we read the entire record as we must (Crimi v. Crimi, Mo. App., 479 S.W.2d 195) we do not see any evidence of prejudice or a predetermination of the issues by the trial court. Indeed, the record speaks well of the trial court's handling of the case. Both parties were given equal opportunity to present any and all evidence which they had. We do not find error on the part of the trial court.

■ Finally, we consider the trial court's decision refusing to lower child support. We review the case upon both the law and the evidence, determining the facts de novo with due deference to the trial court on issues of credibility. Bagley v. Bagley, Mo.App., 460 S.W.2d 736. Doing so we are confronted with a situation where both parties have undergone considerable change in circumstance. Apparently defendant recognizes this as his primary argument is directed toward plaintiff's evidence being gross exaggerations and unsubstantiated by documentary evidence. We note however that defendant's evidence is not immune to the same charges. There was considerable question concerning his method of accounting and the actual loss he incurred. The evidence shows that defendant did have a predictable income while plaintiff did not. Defendant still retained his stock holdings and other assets while plaintiff had been forced to liquidate hers. Finally we note that the total sum payable by defendant had been reduced by the amount of alimony due to plaintiff's recent remarriage. Considering these factors and allowing such deference to the trial court's assessment of credibility as necessary, we find no error in the trial court's decision.

For the foregoing reasons the decision of the trial court is affirmed.

WEIER and CLEMENS, JJ., concur.