**Margot B. NELSON, Plaintiff-Respondent,**

v.

**Elmer Ernest NELSON, Defendant-Appellant.**

**STATE of Missouri ex rel. Margot B. NELSON, Relator,**

v.

**The Honorable John R. RICKHOFF, Judge of Div. 13 of the Twenty-First Judicial Circuit of Missouri and of the Circuit Court of St. Louis County, Missouri, Respondent.**

**Nos. 35419, 35469 and 35830.**

Missouri Court of Appeals, St. Louis District, Division Three.

Nov. 19, 1974.

Wm. L. Clinton, St. Louis, for defendant-appellant.

Ann Q. Niederlander, St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

The appeals have been consolidated. Defendant Elmer Ernest Nelson, appeals from the judgment entered by the Circuit Court of St. Louis County overruling his motion to quash a writ of sequestration filed by plaintiff; and from a judgment

allowing plaintiff an attorney's fee and Margot B. Nelson moves this court to make absolute a preliminary writ of prohibition. These matters arose out of a prior divorce decree and stipulation incorporated therein. We reverse and affirm the respective judgments of the Circuit Courts for the reasons indicated.

Plaintiff, Margot Nelson, brought an action for divorce, alimony and attorney's fees in October, 1968, in the Circuit Court of St. Louis County against Elmer Ernest Nelson. No children were born of the marriage. In January, 1969, on the default of defendant a divorce was granted Ms. Nelson.

On that day prior to the hearing the parties executed and filed with the court a "Stipulation" which indicated that the divorce action was pending and that "the parties are desirous of settling their property rights in the event the Court should decide to grant a Decree of Divorce to the plaintiff . . ."

In its decree the court ordered the dissolution of the marriage between plaintiff and defendant; that defendant should pay ". . . $300.00 per month as and for alimony in accordance with stipulation filed," $375.00 attorney's fees, and also costs. Lastly, the court indicated "Stipulation filed and made a part of Decree." The decree filed herein fails to reveal what the stipulation was.

The stipulation as shown in the record, consisted of thirteen (13) clauses disposing of various items of realty and personalty owned by the parties, conferring certain rights, and providing for certain contingencies. The tenth clause contained the agreement that defendant pay to his wife the same amount monthly alimony which the divorce decree ordered.[1] And the thirteenth clause provided for an automatic reduction of the amount of "alimony" without motion to the court upon the happening of a condition.[2] Thereafter in March, 1973, plaintiff filed an application for a writ of sequestration directed to defendant's employer, the Board of Education of Ladue, after defendant's payments fell into arrears in the amount of $3800.00. Defendant filed his motion to quash the execution writ which was overruled, as was his motion for rehearing. This appeal was taken along with an appeal from an order of a $500.00 attorney's fee.

After defendant's appeals were perfected to this court, he later petitioned the circuit court and was granted a motion ordering plaintiff to return the sequestered funds to the registry of the court. Plaintiff then applied to this court for a writ of prohibition to stay Judge Rickhoff from enforcing that order, which we granted preliminarily.

The issues presented to this court on which the parties predicate error are whether: (1) the overruling of defendant's motion to quash the writ of sequestration constitutes an appealable order; (2) the allowance for $300.00 per month "alimony" is in fact statutory alimony or is purely contractual; (3) the award of a $500.00 attorney's fee is proper; and (4) the lower court was vested with jurisdiction to make any further order in the cause subsequent to appeals having been filed.

Defendant first contends that his appeal from the overruling of his motion to quash is a final, appealable order.

It is axiomatic that an appeal is statutory and is properly taken only from

---

1. "WHEREAS, it is further agreed by and between the parties that ELMER E. NELSON, Defendant herein, will pay to MARGOT B. NELSON the sum of $300.00 per month alimony for her living expenses and the payment on the house that she is to receive sole Title to, by Deed from ELMER E. NELSON as set forth in this Stipulation, and . . ."

2. "WHEREAS, Should MARGOT NELSON sell the property at # 9 Sona Lane during the lifetime of the parties hereto, it is hereby agreed between the parties hereto that Alimony will be automatically reduced to $200.00 per month without motion to the Court."

final judgments and orders which dispose of the issues. Toth v. Toth, 483 S.W.2d 417 (Mo.App.1972). In Carrow v. Carrow, 294 S.W.2d 595 (Mo.App.1956), a husband filed a motion to quash an execution issued on a judgment for child support. His motion was denied. On appeal the wife moved to dismiss his appeal because she contended the order overruling the husband's motion to quash the execution did not constitute a final determination of the issues. We reversed and stated, " . . . Section 512.020 RSMo 1949, V.A.M.S. include 'any special order after final judgment in the cause'. This refers to orders in special proceedings attacking or aiding the enforcement of the judgment. City of Caruthersville v. Cantrell, Mo.App., 241 S.W.2d 790. . . ." Here, the principal action—the divorce—has been disposed of. No one can deny that the Order on the motion to quash is a "special order after final judgment in the cause." The order was made in a proceeding independent of the divorce; thus, it is appealable. The fact that the court failed to make an order of distribution has no bearing on the question whether this particular after-judgment order is appealable. No issue with respect to distribution of the money obtained by the garnishment had been raised or remained undetermined at the time the appeal was taken. Carrow v. Carrow, supra, p. 597. See also Anderson v. Anderson, 404 S.W.2d 206 (Mo.App.1966) where Doerner, C., reached a similar result. Consequently, we hold that a decision overruling a motion to quash is a final disposition of the subject matter of the motion made in *post* proceedings independent of the principal case.

Next, defendant contends that the allowance by the divorce court for "alimony" was made pursuant to the stipulation signed by the parties and was in fact an approval of a contractual obligation as opposed to an award of statutory alimony. Defendant argues that the document designated a "stipulation" was a property settlement agreement and, when approved by the court, a valid and binding contract enforceable only by a separate suit on contract. Plaintiff argues that the stipulation must be construed to show an intention of the parties to provide the wife with alimony in the statutory sense.

■ Uniformly, the cases stand for the proposition that a husband and wife in contemplation of divorce may, by valid contract between them, settle and adjust all property rights growing out of the marital relation, including the wife's right to alimony. Concededly, as the cases universally hold, every contract providing for an award of "alimony" referred to or incorporated in the divorce decree must be construed upon its own wording to ascertain the intention of the parties. The purpose of the two methods, private contract or judicial decree, is the same, viz., to provide the wife with support. Yet each affords a distinct right which is enforceable differently from the other. Gunnerson v. Gunnerson, 379 S.W.2d 861, 865 (Mo.App. 1964).

If the parties intended the stipulation to accomplish its ordinary purpose as merely advisory to the court, Goulding v. Goulding, 497 S.W.2d 842, 845 (Mo.App.1973); Wesson v. Wesson, 271 S.W.2d 214, 216 (Mo.App.1954); Alverson v. Alverson, 249 S.W.2d 472 (Mo.App.1952), then the award was for statutory alimony or in the nature of alimony, the contract provision incorporated in the decree was merged in the decree, was modifiable upon proper showing, and constituted a judgment upon which a levy of execution would issue. Toth, *supra,* 483 S.W.2d p. 22, citing North v. North, 339 Mo. 1226, 100 S.W.2d 582 (1936); Chappell v. Nash, 399 S.W.2d 253, 256 (Mo.App.1965); Jenks v. Jenks, 385 S.W.2d 370, 375 (Mo.App.1965); Guyton v. Guyton, 17 Ill.2d 439, 161 N.E.2d 832, 834 (1959). If, on the other hand, the parties intended the document designated a stipulation to be a final property settlement, then the decreed allowance pursuant

to the stipulation as and for alimony was a consent decree to be regarded and construed as a contract between the parties and having the force and effect of any other contract, that is, not modifiable except by mutual consent or by reason of fraud, duress, or illegality, and enforceable by a separate suit on the contract not ancillary to any divorce proceeding. Toth, *supra*, 483 S.W.2d p. 442 citing North, *supra;* Catron v. Catron, 492 S.W.2d 172, 176–177 (Mo.App.1973) (distinguishable factually but noting with approval the "Iowa view")[3]; Alverson, *supra*; Jenks, *supra*, 385 S.W.2d p. 375, citing McDougal v. McDougal, 279 S.W.2d 731 (Mo.App.1955) and Luedde v. Luedde, 240 Mo.App. 69, 211 S.W.2d 513 (1948); Garmisa v. Garmisa, 4 Ill.App.3d 411, 280 N.E.2d 444, 452 (1972); Ragen v. Ragen, 4 Ill.App.2d 445, 124 N.E.2d 628, 630 (1954).

The facts here show (1) a property settlement agreement designated a "stipulation" and executed by both parties; (2) a decree which expressly incorporates the agreement; and (3) an allowance of "alimony" in the decree based on an "alimony" provision in the agreement. The question is whether the allowance should be treated as statutory alimony or a contractual obligation.

While courts in most states agree that spouses in contemplation of divorce may validly contract to settle property rights arising out of the marriage, including alimony, there is some disagreement over the effect to be given these contracts when they are incorporated into the divorce decree. Some jurisdictions give the property settlement agreements independent significance as contracts, regardless of incorpora-

tion. See Annot., 166 ALR 675, 693 et seq. (1947). Other jurisdictions view the agreements as merged with the decree, subject to enforcement as an order of the court or modification as a judgment of the court. See 27B C.J.S. Divorce § 301(2)(c).

▮ Upon review of the cases decided on this issue, we conclude that Missouri courts follow the former approach—that is, where spouses execute an agreement intended to settle finally marital property rights, including alimony, the agreement is a contract, to be enforced and modified as such, regardless of whether it is incorporated into the divorce decree.

The leading case on the subject, cited in virtually all later cases is North v. North, 339 Mo. 1226, 100 S.W.2d 582 (1936). The appeal arose from an order of the trial court modifying the "alimony" allowance in the divorce decree. The decree was entered pursuant to a property settlement agreement executed by both parties and approved by the court.

The court first reiterated the familiar rule that property settlement agreements executed in contemplation of divorce and adjusting all property rights, including alimony and dower, are valid, and that these agreements would bar subsequent claims to alimony and dower. North v. North, *supra*, 100 S.W.2d at 584. The question presented by the case, the court said, was whether the allowance to the wife was an award of alimony, which by statute may be modified, or a contractual obligation which the husband assumed and agreed to pay his former wife. On review of the agreement executed by the parties, the court found

---

3. The so-called "Iowa view" consists of two premises. First, a property settlement agreement in contemplation of divorce is valid; and second, that when adopted by the court and final, it cannot be modified absent fraud or other sufficient grounds. Our courts have espoused as a rule only the first premise.

that it was a valid contract settling marital property rights. The allowance to the wife, although designated "alimony" in the divorce decree, was a contractual obligation not subject to modification as decretal alimony.

The court isolated three factual points as the bases of its decision. First, the parties had executed a valid contract settling all marital property rights, including alimony and dower, and the monthly allowance to the wife was part of the consideration for the contract. Secondly, the money award was beyond the power of the court to grant as alimony in the statutory sense, in that statutory alimony cannot survive the death of either party. And third, the contract expressly provided that the monthly payments were "in lieu of alimony." North v. North, supra, 100 S.W.2d at 585, 587.

Viewed in light of these facts, North v. North lent itself to a ready decision. The monthly allowance to the wife could not be statutory alimony because the divorce court had no authority under statute to make such an award. Almost precisely on point in this respect is Ferriss v. Ferriss, 477 S. W.2d 745 (Mo.App.1972) where the "alimony" award was based on a percentage of the husband's income. Since this award clearly exceeded the authority granted the court in § 452.070, RSMo 1969, V.A.M.S., it was part of a contractual obligation. Other cases decided in whole or in part on the same point are: Toth v. Toth, 483 S. W.2d 417 (Mo.App.1972); Chappell v. Nash, 339 S.W.2d 253 (Mo.App.1965); Masters v. Masters, 315 S.W.2d 870 (Mo. App.1958); Moran v. Moran, 286 S.W.2d 389 (Mo.App.1956); Jenkins v. Jenkins, 257 S.W.2d 250 (Mo.App.1953); Edmondson v. Edmondson, 242 S.W.2d 730 (Mo. App.1951), and Bishop v. Bishop, 151 S.W. 2d 553 (Mo.App.1941).

■ This case also lends itself to decision on the same point. The "alimony" award here was, according to the stipulation, to be reduced upon the happening of a future event—the sale of the house in which plaintiff resided. The trial court made the award "in accordance with stipulation filed." Since the statutory scheme for alimony provides for payment of a fixed sum or sums, not left to determination by future events, Ferriss v. Ferriss, supra, 477 S.W.2d at 749, the allowance was beyond the authority of the court to grant as statutory alimony. Hence, the allowance must be treated as a contractual obligation.

Plaintiff contends, however, that the use of the terms "stipulation" and "alimony" in the disputed agreement show that the parties did not intend a contract. She argues that the stipulation merged with the judgment of the divorce court in that it was incorporated in the decree, and she distinguishes North v. North, supra, because the stipulation here did not settle "all" property rights.

The cases do not support these contentions. In Bishop v. Bishop, supra, the wife sought execution of a judgment for "alimony". The property settlement agreement, called a "stipulation," granted her "alimony" and was placed "on file" by the divorce court. But, on appeal, the court found that the allowance was beyond the power of the court to grant; that the stipulation settled all property rights, and affirmed the lower court in denying execution.

In Davis v. Davis, 196 S.W.2d 447 (Mo. App.1946), the husband sought modification of an "alimony" award under very compelling circumstances; he had been injured during the war and could not continue his practice as a physician. Both the decree and the property agreement, called a "stipulation" or "contract," referred to the money allowance as "alimony." The allowance was within the power of the court to grant as statutory alimony. However, the appeals court held the award a contractual obligation not subject to modification as statutory alimony.

In Edmondson v. Edmondson, supra, the wife sought execution against the husband on a judgment by the divorce court for "alimony." Here the property settlement agreement was expressly "adopted" by the divorce court in the divorce decree, but the trial court quashed the execution. Affirming, the appeals court held that: "There is no valid judgment for alimony if (1) the prior property agreement is lawful and is conclusive as to provisions for support and maintenance, or (2) if the judgment by its terms exceeds the statutory authority." Edmondson, supra, 242 S.W.2d at 735.

In Chappell v. Nash, supra, again the wife sought execution on a judgment for "alimony." The agreement was expressly incorporated into the decree and both referred to the allowance as "alimony." But allowance was beyond the power of the court to award as alimony. The appeals court said that where the wife had brought the property agreement before the divorce court, she had elected to stand on contract and could not later seek execution for statutory alimony. And, in the most recent case on the subject, Goulding v. Goulding, 497 S.W.2d 842 (Mo.App.1973), the husband sought modification of an "alimony" judgment based on a property settlement agreement. The agreement was incorporated into the decree. Both decree and agreement referred to the money award as "alimony," and the award was within the power of the divorce court to give as alimony. Yet modification was not allowed and the award was found to be a contractual obligation. Other cases standing for the same rule of law are: Catron v. Catron, 492 S.W.2d 172 (Mo.App.1973); Singer v. Singer, 390 S.W.2d 605 (Mo.App.1965); Allcorn v. Allcorn, 241 S.W.2d 806 (Mo.App.1951) and Tracy v. Tracy, 205 S.W.2d 947 (Mo.App.1947).

There are cases, some of them cited to the court by plaintiff, where a property settlement agreement is involved but the courts have found statutory alimony. All of these cases save one are clearly distinguishable.

In Wesson v. Wesson, 271 S.W.2d 214 (Mo.App.1954), and Gunnerson v. Gunnerson, 379 S.W.2d 861 (Mo.App.1964) the courts found that the monthly allowances were statutory alimony, subject to modification or execution. In both cases, it was considered significant by the deciding court that the party raising the defense of contract had in previous court proceedings successfully sought enforcement of the "alimony" award as a judgment of the court. Thus, these parties were estopped to assert contract in later proceedings. Further, in Gunnerson, the supposed property agreement was never exhibited to the divorce court so that court's award for monthly payments was presumed to be statutory alimony. Similar in this respect is Moser v. Moser, 235 Mo.App. 784, 148 S.W.2d 71 (1941) where there was no evidence before the divorce court that the parties had agreed to any settlement.

In Tysdal v. Tysdal, 235 S.W.2d 124 (Mo.App.1950), the court found the alimony award to be decretal in nature and subject to modification. In this case the decree expressly reserved the court's power to modify and neither party objected. Somewhat similar circumstances appear in Maxey v. Maxey, 203 S.W.2d 467 (Mo. 1947), where the agreement by its terms was modifiable by the court, where the parties had agreed to a modification and where child support problems were present.

The only case that appears difficult to distinguish is Alverson v. Alverson, 249 S.W.2d 472 (Mo.App.1942), where the court found the allowance in question to be statutory alimony, notwithstanding a property settlement agreement. The court said that the agreement in question was merely a suggestion to the divorce court and noted that the divorce decree expressly reserved power to modify. Other language in the opinion is in conflict with the cases cited above and to this extent we decline to follow Alverson and choose to stay with the weight of authority.

Plaintiff, however, argues that Alverson supports her theory of the case because

there, as here, the agreement did not settle "all" marital property rights; but an analogy between the two cases is difficult to draw. In Alverson, the agreement purported only to settle alimony claims, contract liability and rights in a few items of personal property. Here, the stipulation in its introductory clause announces the parties' "desire to settle their property rights." The various clauses dispose of numerous items of personalty and realty and adjust numerous legal duties. Nothing is excluded. Plaintiff has not suggested what other marital rights might yet remain unsettled. We find this stipulation a final agreement settling the parties' property rights and adjusting their marital duties. The alimony provision can be seen only as "an integral element in an amicable adjustment." Singer v. Singer, supra. We find the stipulation in question here contractual in nature and enforcement of its provision must be pursued on the contract.

Defendant next objects to an award of $500 to plaintiff for an attorney's fee if this court holds in his favor on the first two issues. We disagree.

■ The fee was allowed plaintiff as suit money to defend against defendant's motion to quash her writ of execution. The matter rests largely within the discretion of the trial court which has the advantage of viewing both the parties and the proof of their circumstances. The test of whether such an allowance should be made depends on the financial abilities of the parties, that is, on the wife's financial necessities and the husband's financial ability to pay. Burton v. Burton, 472 S.W.2d 620, 623 (Mo.1971); Toth, *supra,* 483 S. W.2d p. 422; Carrow, *supra,* 294 S.W.2d p. 599.

■ The rules governing allowance of suit money, including attorneys' fees, are ordinarily those applicable to allowance of temporary alimony. More than one application for suit money is permissible when the case is contested or presents certain

problems. 24 Am.Jur.2d, Divorce and Separation, §§ 571, 576.

In the *Toth* case the defendant wife did not prevail but the court held that the decision in the principal case was not dispositive of the determination to allow fees or costs. That rationale is applicable here. No issues on the merits are involved but the wife's good faith in instituting the action, notwithstanding that in the outcome she may be unsuccessful. 24 Am.Jur.2d, *supra,* §§ 593, 596; 32 A.L.R. 1227, 1235, 1241–4 (1965).

■ The defendant here neither argued nor proved his inability to pay thereby putting into issue Mrs. Nelson's lack of need although a hearing was held on the matter. The trial court was not without jurisdiction in the proceeding; Ms. Nelson did not waive any rights she may have had to counsel fees; and no abuse of discretion has been shown. The order is, therefore, affirmed.

■ Next, we consider the extraordinary writ. The plaintiff (petitioner) argues that the lower court lacked jurisdiction to order a return of the sequestered funds to the registry of the court pending the appeals in the cause. The court's action in response to defendant's motion was in the nature of a protective order. 4 Am.Jur.2d, Appeal and Error, §§ 352–5, p. 830. We do not reach the issue as to whether or not the court had power to make such an order, since the question has now become moot pending application for the writ. 73 C.J.S. Prohibition § 10; Humphrey v. Humphrey, 362 S.W.2d 92, 95 (Mo.App.1962). Because we hold that Ms. Nelson's proper remedy is an action on the contract her resort to the sequestered funds has been negated. The preliminary writ is discharged.

Finally, we consider plaintiff's motion wherein she requested that we limit our writ of prohibition issued to the Honorable John R. Rickhoff so that her motion for attorney's fees and suit money on appeal

could be heard by the Circuit Court during the pendency of the preliminary writ of prohibition, and before our final adjudication of the appeals.

■ Initially, plaintiff directed her motion, dated January 28, 1974, for suit money and attorney's fees on appeal to the Circuit Court. However, on March 11, 1974, the Circuit Court refused to hear the motion because on December 13, 1973, we had issued our preliminary writ of prohibition. In our opinion, the Circuit Court erroneously refused to entertain plaintiff's motion because it has exclusive jurisdiction to hear a motion for the allowance of attorney's fees and suit money in connection with an appeal at anytime between the filing of the notice of appeal and final adjudication. Watkins v. Watkins, 66 Mo.App. 468, 471; Cascio v. Cascio, 485 S.W.2d 857 (Mo.App.1972). Inasmuch as we have insufficient facts to resolve the issue, we refer the matter back to the trial court for a determination of this issue.

Accordingly, we reverse the court's order overruling the defendant's motion to quash the writ of sequestration; affirm the court's allowance of attorney's fees on account; remand to the trial court for its determination any further allowance for attorney's fees and suit money on appeal; and discharge the preliminary writ.

SMITH, P. J., and GUNN, J., concur.