235 S.W.2d 124 (1950)
TYSDAL
v.
TYSDAL.
No. 27991.
St. Louis Court of Appeals, Missouri.
December 19, 1950.
Rehearing Denied January 19, 1951.
*125 H. A. & C. R. Hamilton and Hal A. Hamilton, all of St. Louis, for appellant.
Roby Albin and Alexander M. Goodman, St. Louis, for respondent.
McCULLEN, Judge.
This is an appeal by Ethel McBride (formerly Ethel Tysdal) from an order and judgment of the Circuit Court of the City of St. Louis rendered on February 17, 1950, modifying a decree of divorce that had been rendered in said court on April 29, 1943. The decree of April 29, 1943, provided, among other things, that Theodore J. Tysdal should pay to Ethel Tysdal $10.00 per week as alimony. The modification of February 17, 1950, out of which this appeal arises, relieved Theodore J. Tysdal from the further payment of said alimony.
The record shows that on September 29, 1942, Theodore J. Tysdal as plaintiff filed against his then wife Ethel Tysdal a suit for divorce. On January 4, 1943, said plaintiff filed an amended petition in said suit. On April 22, 1943, Ethel Tysdal filed an answer and cross-bill wherein she prayed for a divorce from Theodore J. Tysdal. After a trial the court entered the decree of April 29, 1943, heretofore referred to, granting Ethel Tysdal a divorce on her cross-bill and ordering the payment of alimony above mentioned. The record shows that the parties on April 19, 1943, entered into a written agreement, the parts of which pertinent to our inquiry are as follows:
"This agreement made and entered into this 19th day of April, 1943, by and between Theodore J. Tysdal, hereinafter referred to as the `Husband,' and Ethel Tysdal, hereinafter referred to as the `Wife,' Witnesseth:

* * * * * *
"The `Husband' has heretofore instituted and has now pending in the Circuit Court of the City of St. Louis, State of Missouri, an action for divorce styled Theodore J. Tysdal v. Ethel Tysdal, and being Cause No. 62391, and pending in Division No. 1 thereof; to which action the `Wife' has heretofore filed an answer.
"The `Wife' has heretofore instituted a suit in the Circuit Court of the City of St. Louis, State of Missouri for separate maintenance, and which cause is styled Ethel Tysdal v. Theodore J. Tysdal, and being Cause No. 64316, pending in Division No. 16 of said Circuit Court; the `Husband' having filed a motion to abate any proceedings in said separate maintenance suit pending the disposition of the trial of the divorce suit filed by him.

* * * * * *
"Both of said Parties have concluded it will be to their mutual interest to adjust their financial obligations to each other, and by contract, the same to prevail in the event the `Wife' succeeds in obtaining a divorce on her cross-bill so to be filed by her.
"Consideration:
"Now, therefore, in consideration of the premises and of the mutual promises and covenants herein contained, it is agreed by and between the said parties that in the event the `Wife' obtains a decree of divorce in said suit on her cross-bill and which cross-bill is to be prosecuted promptly, the following financial settlement shall prevail between said Parties:
"Covenants:
"1.) The `Husband' waives any interest in and gives, assigns and transfers to the `Wife,' all the right, title and interest of the `Husband' in and to all the household furniture and equipment now used by the `Wife' and which is located in the premises numbered 3927 Castleman Avenue, in the City of St. Louis, State of Missouri.
"2.) The `Husband' agrees to pay the `Wife' for her support and maintenance *126 the sum of $10.00 per week from and after this date, and further to pay to the `Wife' the sum of $10.00 per week for the support and maintenance of the son, Thomas, the payments for the son to continue so long as he shall live and remain incapacitated from following any gainful occupation and shall remain in the care, custody and control of the `Wife,' and with the further sum to be paid to the `Wife' of $5.00 per week for the support and maintenance of the son Douglas, until such time as he is self-supporting, but in no event shall the payments for his support continue either beyond the time he is self-supporting, or beyond his majority; and the `Wife' agrees to properly support and maintain said minor children by supplying them with all of the necessities of life.
"3.) The `Husband' does hereby further agree to pay the Court costs in the divorce action being Cause No. 62391, and that the `Wife' shall dismiss the separate maintenance suit now pending at the cost of the `Husband,' and being Cause No. 64316.
"4.) The `Wife' does hereby waive and release the `Husband' from any and all claims for maintenance, support, alimony, suit money, property rights and dower, other than those hereinabove specified and releases and forever discharges the `Husband' from any and all other claims, demands and causes of action.
"5.) The `Husband' hereby releases and forever discharges the `Wife' from any and all claims in and to any property rights and dower and from any and all claims, demands and causes of action of every kind and nature.
"6.) The Parties hereto further agree that at the time of the rendition of the decree of divorce to the `Wife' on her cross-bill, that this contract shall be submitted to the Court, and a stipulation filed praying that the Court make the awards in favor of the `Wife' as herein specified and agreed.
"7.) This contract is not and shall not be construed to be a contract for obtaining a divorce, but the same is as herein stated, a contract for settlement of all financial obligations and claims between said respective Parties."
The above agreement was signed by both parties and filed in the cause.
It appears that on April 29, 1943, the divorce cause of Theodore J. Tysdal v. Ethel Tysdal was called for trial and that plaintiff therein, although represented by counsel, offered no evidence to support his petition. Defendant Ethel Tysdal appeared in person and by counsel and produced evidence in support of her cross-bill. At the conclusion of the trial plaintiff's petition was dismissed by the court and the court entered a decree and judgment in favor of defendant Ethel Tysdal. A memorandum signed by counsel for the parties and approved by the court was filed in the cause. The memorandum provided for alimony to Ethel Tysdal and an allowance for the children. It contained the following statement: "All the above allowances being in accordance with an agreement dated the 19th day of April, 1943, a copy of which agreement is identified, approved and filed, and made a part of this decree." The court on said date, April 29, 1943, entered of record a decree in which the contract or agreement heretofore set forth was incorporated in haec verba. Following the contract as set out in the decree, the decree recites: "and the Court having seen and examined the same and being sufficiently advised thereof, doth order that said stipulation be approved, and made a part of the record, which is now accordingly done." The decree provided for the payment of $10.00 per week to Ethel Tysdal by Theodore J. Tysdal in accordance with the agreement which was also referred to as a stipulation.
On November 4, 1949, Theodore J. Tysdal filed a motion requesting the court to modify said decree of divorce in which he alleged that Ethel Tysdal had remarried and was being supported by her husband Arthur C. McBride and praying the court that he (Tysdal) be relieved from the obligation for any further payment of said $10.00 per week to Ethel Tysdal. On December 9, 1949, at the hearing on the motion to modify the decree Mr. Tysdal testified concerning the original divorce proceedings and introduced in evidence the decree of divorce. He stated that he had *127 made all the payments required by the decree.
Ethel Tysdal testified that since the divorce she had married Arthur C. McBride and was living with him; that she had received from her former husband all payments of alimony and other obligations provided for in the decree that had accrued up to the time of the hearing on the motion to modify. She identified her signature to the agreement between herself and her former husband heretofore referred to and it was introduced in evidence.
Thereafter on February 17, 1950, the court sustained Mr. Tysdal's motion to modify the decree of divorce and entered the judgment and order heretofore referred to relieving Tysdal from any obligation to make further payments to Ethel Tysdal.
Appellant Ethel Tysdal contends that where a husband and wife enter into a contract settling their property rights and the terms of the contract are approved by the court in a suit for divorce and are made a part of the decree of divorce, such contract cannot thereafter be amended, modified or annulled by the court except by consent of the parties thereto. Appellant argues that the contract (also referred to as agreement) involved herein contained no provision for the cessation of the $10.00 per week payments to her by Tysdal; that since she has not consented to any modification of the contract, the court erred in entering a judgment relieving Tysdal of such payments. In support of her contention appellant cites one decision of our Supreme Court and three Courts of Appeals decisions which we shall discuss.
North v. North, 339 Mo. 1226, 100 S.W. 2d 582, 584, 109 A.L.R. 1061, cited by appellant, was decided by our Supreme Court in 1936. In said case plaintiff therein was awarded $500.00 per month as alimony. Said amount had been agreed to by the parties in a written contract. Thereafter the defendant-husband sought to have the amount of alimony payable to the wife reduced to $300.00 per month and filed a motion in the divorce cause asking for such relief. In stating the problem before it, the Supreme Court said: "The statute which authorizes the court to modify an award of alimony does not authorize the modification of legal contractual obligation which the husband assumes and agrees to pay his wife. So the question in this case is whether or not the $500 monthly allowance to the wife is an award of alimony. If it is alimony, it is subject to modification. On the other hand, if it is not alimony, but is a legal contractual obligation of the husband, then it is not subject to modification by the court. A proper determination of that question will settle this case." North v. North, 339 Mo. 1226, 1231, 100 S.W.2d 582, 584, 109 A.L.R. 1061.
On the facts in the North case the court held that the allowance made to the wife in the decree was in effect an approval of the contractual obligation of the husband to the wife and not an award of alimony and that it was, therefore, not subject to modification.
Poor v. Poor, 237 Mo.App. 744, 167 S.W.2d 471, cited by appellant herein, also arose out of a divorce suit and involved a motion to modify a divorce decree as well as a property settlement made by and between the husband and wife and approved by the court which granted the decree of divorce. In said Poor case the Springfield Court of Appeals held that the provision in the decree providing for the payment of $50.00 per month to the wife "until she re-marries" justified the conclusion "that the decree was an approval of the contract, and not an award of alimony, because the court had no authority to make an award of alimony to continue so long as the wife remained single and unmarried, but did have authority to approve a contract between the parties containing that provision." Poor v. Poor, 237 Mo.App. 744, 750, 167 S.W.2d 471, 474.
Davis v. Davis, Mo.App., 196 S.W.2d 447, cited by appellant herein, also involved an appeal from an order of the Circuit Court overruling the motion of the appellant therein to modify a decree of divorce with respect to an allowance of monthly payments which had been awarded to the wife based on the terms and provisions of a stipulation or contract executed by the *128 parties and filed in the divorce cause on the day that the decree of divorce was entered by the court. This court affirmed the action of the trial court in overruling the defendant-husband's motion to modify the decree of divorce. It was pointed out in the Davis case, supra, by this court that the controlling and decisive element in the North case, as in said Davis case, was that the parties solemnly entered into a contract "for the settlement of all their property rights, including the amount to be paid to plaintiff monthly, and they both consented to a judgment or decree embodying the provisions of their written and signed agreement or contract." Davis v. Davis, Mo.App., 196 S.W. 2d 447, 452.
Tracy v. Tracy, Mo.App., 205 S.W.2d 947, the fourth and last case cited by appellant in the case at bar, was an appeal from an order of the Circuit Court which overruled the motion of appellant therein to modify a decree of divorce with respect to the allowance of alimony. In said case a stipulation had been filed which included an agreement between the parties that defendant should, among other things, pay to plaintiff alimony in the sum of $10.00 per week for a period of five years. Thereafter plaintiff remarried and defendant sought a modification of the decree so as to relieve himself of further payments of alimony. This court on the facts shown in evidence therein held that by approving and adopting that portion of the agreement which provided for alimony at the rate of $10.00 per week for five years, the trial court, in effect, entered a consent decree which the court could not thereafter amend or modify except by consent of all the parties to the agreement. Accordingly, the judgment of the trial court overruling defendant's motion to modify the decree was affirmed.
It would extend this opinion unnecessarily and serve no useful purpose if we were to set forth in detail the agreements involved in the North, Poor, Davis, and Tracy cases above referred to. We have, however, reviewed herein said cases sufficiently to show that, on the facts, each and every one of them is different from the case at bar. A reading of each of said cases shows that the decree of the court was based upon and followed closely the language in the agreement of the parties whether it be called "agreement," "contract," or "stipulation" and each provided for the disposition of matters which the court clearly would have no power to make except for the agreement or contract. We have no such situation in the case at bar. In this case the decree of the court, as distinguished from the agreement of the parties, simply provides that Theodore J. Tysdal, the husband, shall pay to Ethel Tysdal, the wife, "as and for alimony, the sum of $10.00 per week, until the further order of the Court." (Emphasis ours.)
It will be observed that paragraph 6 of the agreement dated April 19, 1943, signed by both parties contained a provision that at the time of the rendition of the decree of divorce to the wife on her cross-bill the agreement should be submitted to the court and a stipulation filed praying the court to make awards in favor of the wife as agreed to by the parties. In compliance with said paragraph 6 of the agreement, the parties executed a stipulation signed by the attorneys for both parties, and filed it with the court in the original divorce action. It was approved by the court. Said stipulation was entitled "Memorandum For Clerk." It stated: "Plaintiff appears by his attorneys, but fails to present witnesses or evidence; defendant appears in person and by her attorneys; evidence of defendant in support of her cross-bill heard; defendant granted decree of divorce from plaintiff on her cross-bill, with custody of Thomas and Douglas, and that the defendant be awarded alimony for herself in the amount of $10.00 per week, payable weekly, * * *."
An examination of the decree of the court itself shows that it provided for the care and custody of the children mentioned "until the further order of the court." It also provided that "the defendant have and recover of the plaintiff, as and for alimony, the sum of $10.00 per week, until the further order of the court." The decree further provided that the defendant have and recover of plaintiff as support and maintenance for the minor children the sum of $10.00 per week for Thomas "until the further *129 order of the court" and $5.00 per week for the support of Douglas until he becomes self-supporting or reaches his majority or "until the further order of the court." (All of the above emphases are ours.) The above reservation by the court of the right to make further orders with respect to the alimony awarded to appellant distinguishes the case at bar from all of the cases relied on by appellant.
No objection was made by either of the parties to the decree as entered by the court containing the reservation, "until the further order of the court." Neither party filed any motion for an order nunc pro tunc to change the decree nor was any appeal taken by either party. Said judgment, orders, and decree, therefore, became final, subject to be modified only in the manner prescribed by the statute, Section 1519, R.S.Mo.1939, Mo.R.S.A. § 1519.
In the case of North v. North, supra, which has never been overruled or modified by the Supreme Court, the court said: "When parties agree as to the amount of alimony to be awarded by the court, they are asking that an award of alimony be made and suggesting that it be made in the amount agreed upon. Such an agreement is not a contract settling property rights, and an award made pursuant thereto is an award of alimony, and for that reason is subject to future modification by the court." North v. North, 339 Mo. 1226, 1235, 100 S.W.2d 582, 587, 109 A.L.R. 1061. (Emphasis ours.)
There is a distinction between an award of alimony which is subject to modification by the court and an agreement or contract or stipulation by the parties to a divorce action which is not subject to modification by the court. In those cases where the agreement or contract or stipulation has been held to be contractual and not subject to modification by the court, without the consent of the parties, the agreement or stipulation has been for something beyond the power of the court to award as monthly alimony. In the case at bar, however, the decree of the court itself not only provides that the wife be paid the sum of $10.00 per week "as and for alimony," but specifically limits such payments "until the further order of the court." Thus the decree of the court itself shows on its face that it is subject to modification because it is an award of "alimony" allowed only "until the further order of the court." The court itself thereby clearly reserved the right to modify such award at some future time. The statute, Section 1519, R.S.Mo.1939, Mo.R. S.A. § 1519, clearly authorizes the court in a divorce action to make such a reservation in a decree, for it provides: "The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper, * * *."
It is true that in each of the four cases cited by appellant herein the court found from the facts that the contract or stipulation entered into by the parties was of such a nature that it was not "alimony" and, therefore, not subject to be amended or modified except by the consent of all the parties thereto but we think it is obvious from the record in the case at bar that the cited cases are not controlling on the facts shown in this record.
Although the Supreme Court in North v. North, supra, reached the conclusion that the agreement involved therein was contractual and not subject to modification without the consent of the parties, nevertheless that conclusion was based upon principles and reasoning, as we have shown, which, when applied to the facts in the case at bar, compel a different conclusion in this case.
There is no dispute in the evidence as to the changed condition of the parties since the original decree of divorce was entered by the court. Appellant herself admitted that her former husband had complied with all the orders of the court with respect to the payments to be made by him up to the time of the hearing on the motion to modify the decree. She also admitted that she had married a man named Arthur McBride four or five months prior to the hearing on said motion; that she was living with her new husband and that he was supporting her.
Under the evidence as shown in the whole record and the law as declared by our Supreme Court in North v. North, *130 supra, we hold that the trial court did not commit error in sustaining Tysdal's motion to modify the decree.
The trial court's judgment should, therefore, be affirmed. It is so ordered.
ANDERSON, P. J., and BENNICK, J., concur.