Aileen WESSON (Plaintiff), Respondent,

v.

Daniel C. WESSON (Defendant), Appellant.

No. 28974.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1954.

William L. Clinton, Jos. L. Walsh, St. Louis, for appellant.

Richard Fitzgibbon, Jr., Mattingly, Boas & Richards, Robert E. Brauer, St. Louis, for respondent.

HOUSER, Commissioner.

This is an appeal from the action of the Circuit Court of St. Louis County sustaining a motion for judgment on the pleadings and dismissing a motion to modify the alimony provisions of a divorce decree.

Aileen Wesson filed a petition for divorce against her husband, Daniel. On June 25, 1949 the parties entered into a "stipulation, contract or property settlement" as follows:

"This Agreement, made and entered into this 25th day of June, 1949, by and between Aileen Wesson of St. Louis County, Missouri, party of the first part, and Daniel C. Wesson, of St. Louis County, Missouri, party of the second part,

"Witnesseth:

"That Whereas, Aileen Wesson and Daniel C. Wesson were lawfully married on the 28th day of January, 1928, and are now husband and wife, and

"Whereas, there were two children born of this marriage, Virginia Ann, a daughter now the age of 20 years and Daniel C. Wesson, Jr., a son now the age of 16 years, and,

"Whereas, certain differences, disputes and misunderstandings have arisen between the said Aileen Wesson and Daniel C. Wesson, and their relations are such that they are no longer able to cohabitate and live together as husband and wife, but are now living separate and apart, and

"Whereas, there is now pending in the Circuit Court of St. Louis County, Missouri, a certain suit for divorce wherein Aileen Wesson is plaintiff, and Daniel C. Wesson is defendant, being cause No. 186758, Division 2, and

"Whereas, the parties hereto in view of the fact that the circumstances are such that they can no longer live together as husband and wife, find it necessary to live separate and apart and to prevent further disputes, differences and difficulties desire to settle and determine the property rights between them.

"Now, Therefore, for and in consideration of the covenants, stipulations and agreements hereinafter contained it is agreed by and between the parties hereto as follows, to-wit:

"1. It is understood and agreed that Daniel C. Wesson agrees, subject to the approval of the court, that the court may award custody of the aforesaid children to Aileen Wesson and may decree for the support and maintenance of said children the sum of Five ($5.00) Dollars per week in the case pending in the Circuit Court of St. Louis County, Missouri.

"2. It is further agreed and understood that the said Daniel C. Wesson will convey to the said Aileen Wesson all of his right, title and interest in and to certain real estate and improvements including all furniture, furnishing, and chattels now located in and all appurtenances thereto located at Memphis, Tennessee, and described as follows, to-wit:

" 'The East 50 feet of Lot 2, Block 7, Highland Heights Subdivision, as recorded in plat book 4, pages 118 and 119, of the Register's Office of Shelby County, Tennessee, being more particularly described as follows:

" 'Beginning at a point in the north line of Given Avenue 79.6 feet westwardly from the west line of National Street; thence westwardly with said north line of Given Avenue 50 feet to a point; thence northwardly parallel with National Street 200 feet to a point in an open ditch, stake placed on south side of ditch; thence eastwardly parallel with Given Avenue 50 feet to a point; thence southwardly 200 feet to the point of beginning.'

"3. It is further agreed and understood that said Daniel C. Wesson will convey to the said Aileen Wesson all of his right, title and interest in and to certain furniture, furnishings and chattels now located in a certain house located at 7400 Lyndover, St. Louis, County, Missouri.

"4. It is further agreed and understood by and between the parties hereto that neither of the parties to this contract will have or claim any rights, provisions or obligations against the personal property of the other by reason of the existing marital relations except as herein provided.

"5. It is further understood and agreed that Daniel C. Wesson agrees, subject to approval of the court, that the court may decree as and for alimony to Aileen Wesson the sum of

$25.00 per week in the case pending in the Circuit Court, St. Louis County, Missouri.

"6. It is further agreed and understood by and between the parties hereto that the said Daniel C. Wesson pay court costs in the pending litigation referred to above in the sum of $29.00 and shall pay to Peter W. Bauman Jr., attorney for Aileen Wesson, the sum of One Hundred ($100.00) Dollars in full settlement of all claims of attorney's fees.

"7. The parties agree to execute any other and further documents that may be necessary by them to be executed to effectuate the terms and conditions of this agreement.

"8. It is specifically understood and agreed and it is hereby declared to be the purpose and intention of the parties of this contract to absolutely and forever settle, by this contract, all property rights, of whatsoever kind and character, present, future and contingent by and between the parties hereto.

"In Witness Whereof, the parties have hereunto set their hands to this and duplicate copies thereof, the day and year first above written."

On October 10, 1949 this agreement was filed in court, and on the same day a divorce was granted to plaintiff after a default hearing. The court awarded plaintiff custody of the minor child, Daniel C. Wesson, Jr. The decree contained the following financial provisions:

"* * * that said plaintiff have and recover of said defendant the sum of $25.00 per week as and for alimony, plus the further sum of $5.00 per week for the support of the minor child, Daniel C. Wesson, Jr.; also the sum of $100.00 as and for attorney's fees, all in accordance with agreement filed, and that said defendant pay the costs herein incurred. Agreement filed."

On April 6, 1951, on the application of plaintiff. the circuit court issued an execution to be levied on defendant's property, based upon the judgment of October 10, 1949.

On May 7, 1953, defendant filed a motion to modify the decree of October 10, 1949 with reference to the financial arrangements on the ground that defendant is in ill health; that living costs have increased although defendant's income has remained the same; that when the court awarded plaintiff $25 per week for alimony she was unemployed but now she is gainfully employed, earns a substantial salary and is able to take care of herself; and that the minor child, Daniel C. Wesson, Jr. is now emancipated. Defendant prayed that the order of $5 for the child and the order of $25 for plaintiff be set aside. Subsequently, by agreement of the parties, that portion of the decree with reference to child support was modified by eliminating the award of $5 per week and thus the issues on the motion were restricted to the question of alimony. Upon a hearing the court sustained plaintiff's motion for judgment on the pleadings and dismissed the motion to modify. From that judgment defendant has appealed to this court.

The question is whether the decree awarding plaintiff $25 per week is an award of statutory alimony subject to future modification under Section 452.070 RSMo 1949, V.A.M.S., or whether it is a judicial approval of a contractual obligation assumed by the husband and therefore immune to subsequent modification.

Was the ultimate decision as to the amount arrived at by the contractual arrangement of the parties, or was the ultimate decision made by the court on the suggestion of the parties of an amount which would be agreeable to them?

No single factor is controlling in determining this question. The property settlement agreement taken as a whole, the circumstances under which it was made,

the nature and value of the property to be divided between the parties, and the language of the decree are to be considered.

While the property settlement agreement taken as a whole expresses an intent to fully and completely settle and adjust all of the property rights of the parties, the provision for weekly payments to plaintiff indicates that they are in the nature of alimony and not in the nature of property. As in Alverson v. Alverson, Mo.App., 249 S.W.2d 472, which is the latest controlling authority of this court on this subject, the parties themselves "identified the sum which defendant was to pay as being 'as and for alimony', and the court employed such identical language in writing its decree". 249 S.W.2d loc. cit. 476.

■ Furthermore, paragraph 5 does not constitute an independent promise to pay $25 per week, but constitutes no more than an expressed willingness that the court "may decree" that amount in the divorce case. Its language is permissive and advisory, rather than obligatory and final. It does not pretend to foreclose the court's consideration of the question of amount. On the contrary, by the express language of paragraph 5, which makes the award "subject to approval of the court," the exercise of the court's discretion in the premises is anticipated. Since there is no promise to pay independent of the decree, the liability of defendant to pay installments of $25 per week would arise under the provisions of the decree and not under the terms of the contract. Upon default by defendant in the payment of installments plaintiff's remedy against defendant would be the issuance of an execution upon the judgment, and not a suit upon the contract. That it was the intent of the parties and of the court to enter a decree for statutory alimony is further confirmed by the fact that plaintiff sought and the court issued an execution upon the judgment to enforce the payment of the obligation. As pointed out in Alverson v. Alverson, supra, 249 S.W.2d loc. cit. 476, that the parties and the court provide for the issuance of an execution on the judgment is an important factor indicating that the decree is for statutory alimony and is not a mere judicial approval of a contractual obligation. When plaintiff applied for the issuance of an execution she was taking the position that she had a judgment for the amount of the allowance. That position is wholly inconsistent with the position she must necessarily take on this appeal, namely, that the judgment constituted nothing more than a judicial approval of a contractual obligation.

Another fact of importance, stressed in the leading case of North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061, and adverted to in nearly every subsequent decision on the subject, is that the allowance to the wife written into the decree was one which the court would have been fully authorized to make in the absence of any stipulation or contract between the parties. Otherwise stated, the court could have adjudged that defendant pay plaintiff $25 per week as alimony irrespective of whether the parties had consented to such an arrangement. Alverson v. Alverson, supra, 249 S.W.2d loc. cit. 476. And here, as in that case, the provision did not "purport to extend the husband's obligation beyond his death, which, if it had done so, would have taken the allowance outside the realm of alimony."

Respondent seeks to distinguish the Alverson case, supra, on the ground that in that case the circuit court did not adopt the stipulation, whereas in the instant case the court specifically adopted the stipulation. Respondent misconceives the facts in the Alverson case. As stated in the opinion, 249 S.W.2d loc. cit. 474, " * * * the court entered its decree awarding plaintiff a divorce and setting out the stipulation in full, which the court approved and ordered made a part of the record in the cause." The facts in the instant case are less favorable to the contention of respondent. The instant decree adopts the amount and weekly method of payment as consented to by the parties, and uses the language "all in accordance with agreement filed," but it does not specifically adopt the agreement. It merely notes that it is

"filed." There is nothing to show here that the circuit court abandoned its power to make the decision or that it did not exercise its judgment independently, arriving at a result consistent and harmonious with the financial provisions to which the parties had consented, but not governed thereby. If it had been the intent of the court to adopt the provisions of the agreement without exercising any discretion in the premises it would have been a simple thing to incorporate the agreement in the decree, and in terms say so, as was done in Edmondson v. Edmondson, Mo.App., 242 S. W.2d 730.

Finally, there was nothing in this case to show that the monthly payments were a part of a plan for the division of property of the parties or in the nature of compensation for property being retained by defendant. The monthly payments partake of the nature of alimony and not of property.

It follows that the allowance in question must be construed as that of statutory alimony which under § 452.070, supra, may be altered from time to time under proper circumstances, and the Commissioner recommends that the order and judgment of the circuit court sustaining plaintiff's motion for judgment on the pleadings and dismissing defendant's motion to modify be reversed and the cause remanded with directions to set aside such order and judgment and to reinstate defendant's motion to modify for a hearing on the merits on the question of the modification of the alimony provision of the decree of October 10, 1949.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The order and judgment of the circuit court are, accordingly, reversed and the cause remanded with directions to the trial court to proceed in accordance with the opinion of the court.

ANDERSON, P. J., and BENNICK, J., and WEINSTEIN, Special Judge, concur.