Harry J. GOULDING, Appellant,

v.

Frances GOULDING, Respondent.

No. KCD 26215.

Missouri Court of Appeals, Kansas City District.

July 23, 1973.

Maurice E. Benson and Edward L. Scheufler, Kansas City, for appellant.

James P. Aylward, and Terence M. O'Brien, Kansas City, for respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PRITCHARD, Judge.

Appellant filed his motion to modify a divorce decree for the support and maintenance of respondent, his ex-wife. The trial court sustained respondent's motion to dismiss the proceedings upon the finding "that the support allowances of the defendant were not allowed as alimony but were the amounts contractually agreed upon by the parties in their separate property settlement which is incorporated as a part of the judgment entered by the Court July 18, 1961." The resolution of the issue turns upon a construction of the property settlement agreement as to whether it provides for contractual support and maintenance or for statutory alimony which, under § 452.-070, RSMo 1969, may be modified.

The property settlement agreement was made July 14, 1961. It recites that differences had arisen between the parties who had lived apart for more than 10 years, they had decided to live apart in the future, "and they desire to settle all of the property rights and obligations arising out of their marital relationship." Appellant agreed to pay to respondent $100,000.00 on or before July 19, 1961, and to pay her *"as*

*alimony and support"* $12,000.00 per year payable monthly, *continuing until the death of either one of the parties,* or until respondent should remarry. If the parties were divorced, the agreement was to be exhibited to the court, and made a part of the decree, and the court might award respondent judgment for the monthly payments, with execution therefor. "If said judgment is so entered, said monthly payments shall be and remain a judgment obligation for alimony. No court shall have power or authority to reduce or increase the amount of said monthly payments or to change or modify said contract or judgment obligation, * * *. The obligation of the husband to make said monthly payments shall survive any such decree or judgment."

The divorce decree recites that the contract is approved and is made a part of the decree, that it was "fair, reasonable and lawful", and "that defendant have and recover of and from the plaintiff the sum of One Thousand Dollars ($1,000.00) per month, on the first day of each calendar month beginning August 1, 1961"; "and that the plaintiff is hereby ordered to carry out and perform all of the terms of said contract and any and all other provisions and obligations thereof and assumed by the plaintiff thereby" [No specific *execution* was awarded as to monthly payments.]; and that the plaintiff be and he is hereby ordered to pay said sum each month to defendant by way of alimony for her future support and maintenance; * * *." Appellant alleged in his motion (filed August 2, 1971) that he complied with the order up to June 1, 1971, to a total sum of $119,000.-00; he alleged certain changes of circumstances, and prayed that the "alimony" award be reduced to $500.00 per month. Appellant relies upon the above italicized language of the contract to support his claim that the monthly payments are statutory alimony subject to modification upon a showing of changed circumstances.

It had long been held that "The law recognizes the right of husband and wife to contract between themselves, and in case of separation, to settle and adjust all their property rights, including dower, alimony, and support. Where such contracts are free from fraud, collusion, or compulsion, and are fair to the wife, the courts have no right to disregard them. * * * The fact that the court approved the contract by decreeing to the wife the same allowance which the contract gave her does not convert such allowance into alimony and thereby render it subject to future modification, although the decree calls it alimony." North v. North, 339 Mo. 1226, 100 S.W.2d 582, 587 (1936). In Tracy v. Tracy, 205 S.W.2d 947 (Mo.App. 1947), the settlement agreement in part provided that in the event a divorce was granted, there would be an order of $10.00 per week as alimony for the plaintiff for a period of 5 years from the entry of the decree, which in fact followed the agreement by awarding plaintiff $2,600.00 payable $10.00 a week for 5 years, "until the further order of the court." About one month after the decree plaintiff remarried and defendant filed his motion to modify the decree to relieve him of the obligation of making further payments. This was denied on the ground that the stipulation of the parties constituted a settlement of their property rights, and the judgment for alimony based upon the agreement was not subject to subsequent modification. It was also similarly held in Davis v. Davis, 196 S.W.2d 447 (Mo.App.1946), and in Allcorn v. Allcorn, 241 S.W.2d 806 (Mo.App.1951), modification was likewise denied upon these indicia (241 S.W.2d 810[5]: "1. The preliminary recitals in the stipulation provide that the wife 'shall' receive certain payments; the language of the stipulation and of the decree is contractual in nature and not merely advisory. 2. Clause 'Second' of the stipulation contains no provision that the payments be made 'until the further order of the court' * * *. [Note also the cited case of Tysdal v. Tysdal, 235 S.W.2d 124, 128 (Mo. App.1950) also construing the words 'until further order of the Court' as meaning a

specific reservation of the right to modify the amount of the award in the future. But note the Tracy case, supra, where the presence of that phrase was not commented upon, and where it was held the award was not subject to modification.] 3. The stipulation settles other matters relating to property interests, * * *. Thus it appears contractual rather than suggestive merely, * * *. 4. The stipulation provides that it be exhibited to the court 'for the purpose of guiding such court' in the awarding of alimony and support. * * *." The court adopted the amount and the time and method of payment agreed upon in the stipulation. Held, the decree was not subject to modification. Other cases in this state following the foregoing cases are Moran v. Moran, 286 S.W.2d 389 (Mo.App.1956); and Singer v. Singer, 390 S.W.2d 605 (Mo.App.1965), holding that notwithstanding the inclusion of the words "as and for alimony" in the decree, it was not an award for statutory alimony but instead constituted an adoption by the court of the *contractual* obligation of the parties and the court could not change the agreement.

■ Here the agreement purports to settle all the property rights and obligations arising out of the marital rights of the parties. The agreement could be exhibited to the court which could (and did) enter a judgment of support and maintenance to the wife in accordance with the agreement. A release of all rights and obligations of the parties, excepting those in the agreement is made by each party. Income tax liabilities were settled, and each party could retain as their own all other property then owned. And additionally to the facts in the above cases, the parties here agreed that no court could reduce or increase the amount of monthly payments or change or modify the contract or judgment obligation. This, in addition to other complete property settlement provisions, plainly shows that the parties regarded their obligations as contractual and not as a provision for statutory alimony which could be subject to future modification.

■ Appellant's cases are distinguishable. In Wesson v. Wesson, 271 S.W.2d 214 (Mo.App.1954), there was nothing in the agreement to show that monthly payments were part of a plan for property division; the agreement expressed only a willingness that the decree incorporate the amount of the agreement "as and for alimony"; and there was no independent promise to pay that amount. In Alverson v. Alverson, 249 S.W.2d 472 (Mo.App. 1952), there was no adjustment of "all" property rights; the allowance to the wife was one the court could have made absent the stipulation, which recited "as and for alimony", and which was merely suggestive to the court. Other cases cited by appellant are of like import. Concededly, each contract providing for an award of "alimony" must be construed upon its own wording to ascertain the intention of the parties. In none of appellant's cited cases is there any indication of an absolute intention of the parties, as here, that the support and maintenance provided in the contract and decree *not* be subject to future modification.

The judgment is affirmed.

All concur.