**Billie G. LaFOUNTAIN, Appellant,**

v.

**Richard L. LaFOUNTAIN, Respondent.**

**No. KCD 27188.**

Missouri Court of Appeals, Kansas City District.

March 31, 1975.

Motion for Rehearing and/or Transfer Denied May 6, 1975.

Application to Transfer Denied July 14, 1975.

Allan J. Fanning, Kansas City, for appellant.

Robert M. Hickman, Philip F. Cardarella, Kansas City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Plaintiff, the divorced wife, appeals from a reduction in the monthly award made to her under a divorce decree entered in 1970. She sets forth five points of alleged error, of which Point IV makes the contention that the 1970 award was based upon a contract between the parties and therefore is not subject to judicial modification. Since we agree with that contention, the other points raised need not be considered.

Two days prior to the divorce hearing, the parties entered into a Property Settlement Agreement. That Agreement recited that the parties were "desirous of settling their property rights and interests for all time." In paragraph 1 they agreed that

the family home should become the sole property of the wife, with the husband executing a Warranty Deed, and the wife thereafter making all future mortgage payments. Paragraph 2 provided that the wife would receive all furniture and household contents, except that the husband should receive a two-wheel go-cart trailer, hand tools, power tools, drills, saws and tools stored on the premises. By paragraph 3 the husband relinquished all rights in a 1965 Oldsmobile to the wife, and by paragraph 4 the wife relinquished all her rights in a 1959 Oldsmobile to the husband; and each party agreed to make all future payments on the incumbrances on their respective automobiles.

Paragraph 5 of the Agreement specifies that the husband "shall pay" to the wife, subject to approval of the court, $150.00 as child support and $150.00 as alimony. Paragraph 6 deals with child custody and rights of visitation. Paragraph 7 required the husband to pay the wife's attorney's fees in the sum of $300.00, plus the court costs. Paragraph 8 gave to the wife two policies of insurance on the life of the husband and required the husband to pay the premiums on those policies and to retain the wife as primary beneficiary and the minor son of the marriage as contingent beneficiary.

Then paragraph 9 sets forth the following highly important provision: "The parties hereto mutually agreed that this agreement shall constitute a full and complete settlement of their property and marital rights." In furtherance of that quoted provision, paragraph 10 sets forth full mutual releases by each party of the other "from all rights and claims arising by reason of the marriage or otherwise, including dower in and to any and all property now owned or hereafter acquired."

At the 1970 divorce hearing, the Property Settlement Agreement just described was introduced in evidence. At the conclusion of the testimony the court stated into the record, "Let the record show a decree of divorce to the plaintiff. The plaintiff is awarded custody of the minor child, Mark Moyer LaFountain and is awarded $150.00 per month as child support and $150.00 per month as alimony."

At the end of 1972, defendant retired from the police force and in the following July filed the present motion for modification of the allowances made in 1970. Plaintiff resisted modification, among other reasons on the ground here deemed decisive, that the award to her was contractual and, therefore, not subject to modification.

■ This issue is governed by the rule of law that spouses are free to contract with respect to provisions for future support to the wife, and if such an agreement is reached as part of an overall settlement of property rights, then the contract must be respected by the court, and if approved in connection with the granting of the divorce, those provisions may not thereafter be modified except upon mutual agreement of the parties. The law on this subject has recently been reviewed and comprehensively summarized by this court in Goulding v. Goulding, 497 S.W.2d 842 (Mo.App.1973), and even more recently by the St. Louis District in Nelson v. Nelson, 516 S.W.2d 574 (Mo.App.1974). As there stated, the question is whether the award to the wife should be construed as a contractual obligation or as having been made under the court's statutory authority. The determination of this question depends upon the intention of the parties. In making this determination, the Goulding opinion rules that "each contract providing for an award of 'alimony' must be construed upon its own wording to ascertain the intention of the parties."

In seeking to ascertain the intention here, a number of factors combine to show that the parties here did intend the provisions for child and wife support to be contractual obligations. In the first place, the title given to the instrument "Property Settlement Agreement" is of some importance.

Alverson v. Alverson, 249 S.W.2d 472 (Mo.App.1952). More importantly, these obligations were cast in contractual language which stated that the defendant "shall pay" the specified amounts. Allcorn v. Allcorn, 241 S.W.2d 806 (Mo.App.1951); Wesson v. Wesson, 271 S.W.2d 214 (Mo.App.1954). Most importantly of all, the Agreement clearly provided "for the settlement of *all* their property rights." Tysdal v. Tysdal, 235 S.W.2d 124, 128 (Mo.App.1951); Allcorn v. Allcorn, supra; Wesson v. Wesson, supra; Alverson v. Alverson, supra; Goulding v. Goulding, supra; Nelson v. Nelson, supra.

Defendant argues in his brief that the award to the wife should be considered statutory rather than contractual because "the decree specifically provides that both the alimony and the support sum shall be payable until further order of the Court" and because "the Court provided for execution in default of payment." There is nothing in the record on appeal showing that the divorce court made either of the provisions to which defendant now refers. The transcript contains only the ruling by the judge in the divorce proceeding which has been quoted above in this opinion, and that makes no reference whatsoever to the payments being until further order of the court nor with respect to execution in the event of default. Perhaps there was a formal decree entered in addition to the order quoted, but, if so, its provisions are left unproved.

Even if it be assumed that there was a formal decree and that it contained the provisions as maintained in defendant's brief, such provisions would not dictate a different result. The contract in the Goulding case contained a provision for an award of execution for monthly payments due the wife, and the court nevertheless held the award contractual not subject to modification. Moreover, the Goulding opinion points out an apparent conflict in the cases as to the significance of the phrase "until further order of the court."

The latter phrase, in any event would be only one factor to be considered, and its appearance in the formal decree would not in this case overbalance the factors already mentioned which reflect a contractual intention.

The order modifying the divorce decree is reversed.

All concur.