Betty J. KERBY (Cole), Appellant,

v.

Dayton KERBY, Respondent.

No. 27962.

Missouri Court of Appeals,
Kansas City District.

Nov. 29, 1976.

Michael J. Thompson, Charles D. Wilson, James L. Muller, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from denial of motion to modify divorce decree by increasing alimony payable to wife.

Dayton Kerby and Betty J. Cole were married July 27, 1957. In the wife's petition for divorce, which included a prayer for alimony, the Jackson County Circuit Court on September 17, 1973, entered a decree of divorce which contained the following language:

"It is further ordered and adjudged by the Court that defendant pay to plaintiff, as alimony, the sum of One Dollar ($1.00) per year, the first payment in the sum of One Dollar ($1.00) to be due and payable this 17th day of September, 1973, and a like sum of One Dollar ($1.00) to be due and payable on the 17th day of September of each and every year hereafter until further order of the Court, and in default of one or more payments, execution issue therefor.

\* \* \* \* \* \*

"Now property settlement agreement is approved by the Court and leave is granted plaintiff to withdraw said agreement."

By the terms of the Property Settlement Agreement, also dated September 17, 1973, the husband agreed that certain personal property should be delivered to the wife; that the wife should receive a 1966 Mustang automobile, with the husband paying an outstanding loan against it of an unstated amount; that the husband would pay the wife's attorney's fees of $250 and outstanding doctor bills of $175.00.

Paragraph 5 of the agreement provided:

"*Alimony.* That Husband agrees to pay Wife the sume (sic) of One Dollar ($1.00) per year as annual alimony."

The agreement further provided for the relinquishment by each of any marital interest in property of the other. It provided for the execution of necessary papers to effectuate the agreement and recited that the parties entered into it of their own volition upon the independent advice of counsel. It also authorized either party to submit the agreement to the court for its approval and authorized the court to incorporate the agreement in its decree.

On January 2, 1975, Betty J. Cole filed a motion in the Jackson County Circuit Court to modify the decree, alleging that she was in poor physical condition, suffering from epilepsy and a broken back, and that she is unable to keep up with the mounting bills

for medical expenses which she expected to continue indefinitely. She prayed that Dayton Kerby be required to pay her $15 per week in maintenance.

When the matter came on for hearing, the movant testified to the changed condition based upon her physical disability which prevented her from working, with attendant medical expenses.

Dayton was not represented by counsel. At the suggestion of the trial judge, the Property Settlement Agreement was produced and offered in evidence. Thereupon, the trial judge concluded that Dayton's obligation was to pay contractual alimony at the rate of $1.00 per year and that such obligation was not subject to modification by the court. The motion to modify was overruled. This appeal followed.

Appellant here contends that the alimony which she had been awarded in the divorce decree was statutory alimony which the parties and the court intended should be modifiable upon a showing of change of circumstances.

■ Whether or not when parties in anticipation of a divorce enter into an agreement for the settlement of their property rights, including the wife's right to future maintenance payments from the husband, and the agreement is presented to and approved by the court which by its decree grants the maintenance rights agreed to, the alimony then awarded is contractual or statutory, with the different characteristics attendant upon the nature of the right, depends fundamentally upon the intention of the parties. *LaFountain v. LaFountain*, 523 S.W.2d 847 (Mo.App.1975); *Nelson v. Nelson*, 516 S.W.2d 574, 577[3] (Mo.App. 1974); *Goulding v. Goulding*, 497 S.W.2d 842, 845[4] (Mo.App.1973). *Nelson v. Nelson*, supra, contains a detailed analysis of many cases which have considered the problem since the decision in *North v. North*, 339 Mo. 1226, 100 S.W.2d 582 (1936), recognized the right of a husband and wife upon separation to settle contractually all of their property rights, including alimony.

The agreement here involved contains some indicia which have been considered significant in previous cases in a court's conclusion that the parties intended a contractual basis for alimony payments. For example, the agreement here purports to settle all of the parties' property rights. See *Nelson v. Nelson*, supra; *LaFountain v. LaFountain*, supra. The agreement is entitled "Property Settlement Agreement." The agreement refers to alimony in contractual terms—"agrees to pay." *LaFountain v. LaFountain*, supra.

However, this case is distinguishable from any of its predecessors in that the amount of alimony agreed upon was a nominal amount of $1.00 per year. Why would the parties have made such an agreement? Obviously, insofar as the husband was concerned, had the agreement and the subsequent decree been silent upon the subject of alimony, the right of the wife to make demand for such payment in the future would have been precluded. *Smith v. Smith*, 350 Mo. 104, 164 S.W.2d 921, 924[8] (1942). There is no reason to believe that the parties intended to benefit or protect him by the agreement.

Insofar as the wife was concerned, the nominal $1.00 per year alimony would have been beneficial only if it served to make available to her the right to seek an increased award because of changed circumstances. See Tremayne, "Separation Agreements," *Missouri Family Law* (1970) § 9.10, p. 151.

■ In the circumstances of this case, the only reasonable construction of the Property Settlement Agreement insofar as it pertains to alimony is that the parties intended the agreement "to accomplish its ordinary purpose as merely advisory to the court." (*Nelson v. Nelson*, supra, at 577), and the decree represents an award of statutory alimony. Although such language has been found of varying significance (compare *Tysdal v. Tysdal*, 235 S.W.2d 124 (Mo.App. 1950), and *Gunnerson v. Gunnerson*, 379 S.W.2d 861 (Mo.App.1964); see also *LaFountain v. LaFountain*, supra), it is worthy of note that the decree in this case

called for $1.00 per year alimony " 'until the further order of the court' " and called for execution to issue upon default. No objection was raised to the decree's employment of these indicia of statutory alimony. *Tysdal v. Tysdal,* supra.

The trial court erred in precluding appellant's motion on the grounds that her right to alimony was contractual and not subject to modification. The cause is remanded for determination of appellant's motion on its merits.

Reversed and remanded.

All concur.