Bonnie A. WHITWORTH,
Plaintiff-Respondent,

v.

Ralph S. WHITWORTH, Jr.,
Defendant-Appellant.

No. 38786.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 15, 1977.

Gallop, Johnson, Godiner, Morganstern & Crebs, P. Terence Crebs, Clayton, for defendant-appellant.

James E. Crowe, St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant husband appeals from an order of the trial court dismissing with prejudice his motion to modify a decree of divorce. He alleged in his motion that the decree provided for alimony payments and that, because of changed conditions, he should be relieved from any further obligation to make said payments. Holding that the award was contractual and not subject to judicial modification, the trial court sustained plaintiff wife's motion to dismiss. We affirm.

On July 27, 1962, the parties executed a written "Stipulation" indicating that they were "desirous of settling their property rights and other matters in dispute." The "Stipulation" contained twelve separately numbered paragraphs. Paragraph 1 provides: "Defendant agrees to pay * * * as alimony and support money * * * the sum of $275.00 per month, payable on the 1st day of each month until the first day of March, 1971, the first day of the month proceeding the day that the elder child of the parties attains the age of Twenty-one years (21), at which time such alimony payments and support money for the plaintiff shall be increased to Three Hundred· ($300.00) Dollars monthly, to continue at such rate during plaintiff's life time unless she shall sooner remarry."

Paragraph 2 provides for the designation of plaintiff as beneficiary of a policy on the life of defendant, so long as she shall re-

main unmarried. Paragraph 3 provides that the beneficiary shall be changed upon the remarriage of plaintiff. Paragraphs 4 through 6 provide for insurance by the parties for the benefit of the children. In Paragraph 7, the parties agree to relinquish all interests in property of the other and to release and discharge "the other of all obligations one to the other, including but not limited to any marital rights in and to the property of the other * * *." Child custody support payments are resolved in Paragraphs 8 through 10, while court costs and attorney fees are designated in Paragraph 11. In Paragraph 12, the parties agree to submit "the within agreement and stipulation to the Court for approval. * * Until such approval, the rights of the parties shall be govern (sic) by their contract heretofore executed by them."

The parties were divorced on August 15, 1962. The decree provided in part:

"It is further ordered, adjudged and decreed by the Court that the plaintiff shall also have and recover of the defendant, as and for her alimony, the sum of $275.00 per month, payable on the 1st day of each month until the first day of March, 1971, * * * at which time alimony payments and support money for the plaintiff shall be increased to Three Hundred ($300.00) Dollars monthly, to continue at such rate during plaintiff's life time unless she shall sooner remarry, or until the further order of the Court.

* * * * * *

It is further ordered, adjudged and decreed by the Court that the plaintiff shall also have and recover of the defendant, as and for attorney fees, the sum of $500.00, payable forthwith, together with the costs of this proceeding, and in default of the payment of said costs, or said attorney fees, or any of the installments awarded as aforesaid, as and for said alimony and as and for the support and maintenance of said minor children, as and when the same become due and payable, execution issue therefor.

Stipulation filed."

On the same day the court entered its decree, the parties filed a "Memorandum for Clerk" signed by the attorneys for both parties. The monthly alimony payments to be made by defendant are set forth under the alimony portion of the memorandum, and the only reference to the stipulation relates to the insurance policies. The minute entry recorded in the file for the date of August 15, 1962, reflects an entry of the contents of the "Memorandum for Clerk" and also states: "Stipulation filed."

The defendant contends the court erred in determining that the "alimony" award was contractual, claiming that the award was for statutory alimony and subject to modification by the Court.

■ In *North v. North*, 339 Mo. 1226, 100 S.W.2d 582, 587 (1936), and in numerous decisions since that case, our courts have held that a husband and wife, in contemplation of divorce, may enter into a separate agreement in which they settle all property and marital rights, including support and alimony. In *Nelson v. Nelson*,[1] 516 S.W.2d 574, 577[3] (Mo.App.1974), the court said:

"Concededly, as the cases universally hold, every contract providing for an award of 'alimony' *referred to or incorporated in* the divorce decree must be construed upon its own wording to ascertain the intention of the parties." (Emphasis added.)

The parties either intend the "alimony" award to remain contractual and not subject to judicial modification or to become decretal and subject to modification by the court. The courts of this state have long grappled with the distinction between contractual support and decretal alimony. *Vorhof v. Vorhof*, 532 S.W.2d 830, 832 (Mo. App.1975).

■ We agree with the trial court that the award in this case was contractual and

1. Excellent discussion of the distinction between contractual support and statutory alimony.

not statutory. *See North v. North, supra; Vorhof v. Vorhof, supra.* The stipulation attempted to "settle" the parties' property rights and "other matters in dispute." It includes matters which could not have been decreed as part of the judgment of the court. The stipulation provides that the alimony is to continue "during plaintiff's life time unless she shall sooner remarry." In *North v. North, supra* at 586[9], the Supreme Court found that a similar provision "justifies the conclusion that the decree was an approval of the contract, and not an award of alimony, because the court had no authority to make an award of alimony to continue so long as the wife remained single and unmarried, * * *." *See also, Gunnerson v. Gunnerson,* 379 S.W.2d 861, 865 (Mo.App.1964); *Jenkins v. Jenkins,* 257 S.W.2d 250, 253 (Mo.App.1953).

The defendant argues that the award should be considered statutory rather than contractual because of the language of the decree. Specifically, the defendant points to the provision that the alimony shall "continue at such rate * * * until the further order of the Court", and the provision that "in default of * * * any of the [alimony] installments * * *, execution issue therefor." The cases are in conflict as to the significance of similar language. *Compare LaFountain v. LaFountain,* 523 S.W.2d 847, 849 (Mo.App.1975); *Goulding v. Goulding,* 497 S.W.2d 842, 844–45 (Mo.App. 1973), with *Tysdal v. Tysdal,* 235 S.W.2d 124, 128–30 (Mo.App.1950); *Kerby v. Kerby,* 544 S.W.2d 292, 294–95 (Mo.App.1976). However, such language in the order is not controlling as to the nature of the decree, and its appearance in the decree does not outweigh the noted factors indicative of a contractual intention.

The defendant argues that for "alimony to become a contractual right which is not subject to future judicial modification, the divorce court must affirmatively adopt, approve or incorporate such agreement into its decree", and that this was not done. The contract was referred to in the decree as required in *Nelson v. Nelson, supra,* and

as found by the trial judge, was in effect approved by the court.

The order of the trial court is affirmed.

McMILLIAN, P. J., and STEWART, J., concur.