Barbara E. **MEDLICOTT**, Respondent,

v.

William J. **MEDLICOTT**, Appellant.

No. WD 31646.

Missouri Court of Appeals,
Western District.

May 4, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 1981.

Application to Transfer Denied
July 14, 1981.

---

Robert M. Sommers, Neal E. Millert, James, Odegard, Millert & Houdek, Kansas City, for appellant.

Myron S. Silverman, Gage & Tucker, Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

William Medlicott filed a motion to modify a divorce decree by which his wife Barbara was granted a divorce in 1973. The motion sought a reduction in the alimony provision made for Barbara in the decree and increased by subsequent modifications to the original decree. The trial court held the alimony award to Barbara was contractual in nature and thus not subject to modification and dismissed William's motion.

On this appeal William contends the alimony portion of the original decree was not contractual but was statutory and thus amenable to modification. Affirmed.

Barbara filed a petition for separate maintenance. Thereafter she and William entered into a property settlement. The agreement recited that as an incident to the separation of the parties which had previously occurred, and in order to settle the property rights between them, they thereby agreed upon an adjustment and settlement of all of their respective property rights and interest, present and future, and for the mutual release of any and all claims of any and all nature which either might otherwise have against the other upon the performance of and under the terms and conditions of the agreement. The agreement stated that it was based upon good and valuable considerations flowing from each party to the other.

William agreed to convey the family home to Barbara subject to the encumbrances of record and agreed to transfer the title of one automobile to Barbara and another to one of their sons. The agreement provided that William would pay Barbara "the sum of $1,500.00 per month as support in lieu of alimony . . . subject to termination as provided herein or modification by the Circuit Court of Jackson County, Missouri, as provided by law." Termination was provided in the event of Barbara's remarriage, her death, or the death of William. The agreement also provided for child support payments for the two daughters who were age 17, and William obligated himself to pay certain college expenses for all four children.

Provision was also made for reduction in the payments to the wife in the event of William's disability. William also agreed that so long as his obligation to maintain and support Barbara continued that he would maintain policies of insurance on his life for the benefit of Barbara in the amount of $115,000 and she would be designated beneficiary. William agreed to pay the premiums on such policies and to supply proof to Barbara of the payment of premiums.

The parties agreed to retain their own separate personal effects and mutually agreed upon a division of the household goods, furniture and fixtures. The wife also relinquished any claim she had to William's interest in his professional medical corporation, including the pension and prof-

it sharing plan and also her interest in William's investment group.

The agreement further provided that each party agreed to take all steps and execute, acknowledge and deliver any and all instruments of conveyance required to carry out the agreement. The agreement further provided that no modification or waiver of any of the terms of the agreement would be valid unless in writing and executed with the same formality as the agreement itself. William agreed to pay Barbara's attorney fees.

The agreement contained a provision for "adjustments in alimony payments" which provided the $1,500 per month payment to Barbara would be subject to percentage increase or decrease in accordance with the percentage change in the annual average "in the Revised 1967 Consumer's Price Index for Urban Wage Earners and Clerical Workers, Kansas City, Missouri Average, published by the Bureau of Labor Statistics, United States Department of Labor (as revised from time to time), herein called 'Index'." The change in the amount of payments was to be made in March of each year and to be retroactive to January based on the change in the Index.

No change was to be made unless the Index reflected a change of more than one percent and it was further provided that in no event would the amount payable to Barbara be reduced below $1,500 per month.

The agreement further stated:

"It is understood and agreed that this agreement constitutes a full, final and complete property settlement between the parties hereto, and each party hereby releases and forever discharges the other from any and all dower, marital, property, inheritance or curtesy rights, or any other claims, demands or actions of any nature, which now exist or ever existed between the parties hereto, except as specifically provided herein."

The agreement concluded with the statement that it would be "binding upon and inure to the benefit of the parties hereto and their respective heirs, legatees, executors, administrators and legal representatives."

A few days after the execution of the agreement, Barbara filed an amended petition in which she prayed for a divorce, child custody, child support and alimony. Shortly thereafter, Barbara, her attorney and William's attorney appeared in circuit court and advised the court that the matter would be a default divorce. Barbara testified, and, in the course of direct examination, her attorney covered the execution of the property settlement agreement and the terms concerning child custody, support and alimony. A copy of the agreement was marked as an exhibit and admitted in evidence. On cross examination William's attorney asked if Barbara had received all conveyances, transfer of the title to the motor vehicles and conveyances of the home which had been agreed to in the settlement agreement. Barbara acknowledged that she had.

The court entered a decree in which Barbara was granted a divorce, child custody and support. The decree ordered William to pay Barbara as alimony the sum of $1,500 per month "until further order of the court." The decree concluded: "Now, property settlement agreement is entered into."

In March, 1974, Barbara filed a motion to modify the decree. She alleged the entry of the decree and the execution of the property settlement agreement, and quoted the paragraph from the agreement providing for the increase in alimony based on the change in the Index. She alleged the Index had increased for 1973 5.1% over 1972 and requested that the $1,500 per month be increased by that percentage. Within a few days the attorneys for Barbara and William filed a stipulation by which they agreed the alimony portion of the decree could be modified by an increase in the amount stated in the motion. Thereafter the court entered an order modifying the decree to increase the alimony by that amount. In March or April of 1975, 1976, 1977 and 1978, identical motions to modify were filed by Barbara and identical stipulations were filed by the attorneys for Barbara and William agreeing that the amount

of alimony could be increased by the percentage increase in the Index. In each of these years the court entered an order modifying the original decree as requested in the motion and stipulation.

In March, 1979, William filed a motion to modify the original decree by reducing the amount of alimony, which by that time had reached the sum of $2,157.18 per month. Barbara filed a motion to dismiss William's motion and the court sustained Barbara's motion on the ground that the alimony award was contractual and thus not subject to modification. This appeal followed.

William concedes that the question presented is whether or not the amount of alimony is established by contract, and, if so, it is not subject to modification by the court. *North v. North*, 339 Mo. 1226, 100 S.W.2d 582, 588 (1936). *LaFountain v. LaFountain*, 523 S.W.2d 847, 848[1, 2] (Mo. App.1975) states:

> The determination of this question depends upon the intention of the parties. In making this determination, the *Goulding* opinion [*Goulding v. Goulding*, 497 S.W.2d 842 (Mo.App.1973)] rules that "each contract providing for an award of 'alimony' must be construed upon its own wording to ascertain the intention of the parties."

Although each case in which the question of contractual or statutory alimony is to be determined must be decided upon the individual agreement involved, a reading of *LaFountain* reveals striking similarities between the agreement there involved and the agreement in this case. In particular, the court in *LaFountain* found the provision in the agreement that it was to constitute a full and complete settlement of property and marital rights and that each party released the other from all rights and claims arising by reason of the marriage, including dower, to be highly important. The court further noted that the agreement was entitled "property settlement agreement", was cast in contractual language which stated the husband "shall pay", and provided for the settlement of all property rights. The court in *LaFountain* concluded the pay-

ments in the nature of alimony were contractual.

The agreement involved here contains the same provisions as *LaFountain* found to be persuasive to show a contractual obligation. In addition, the agreement here is cast in even stronger terms to indicate a contractual obligation. The payments in lieu of alimony were made subject to a change in the Index, however, the agreement provided that Barbara would never receive less than $1,500 per month.

■ William fully recognizes the provisions of the contract and the difficulties he encounters in making his argument. He pitches his contention on two grounds: (1) the statement in the agreement that the payments in lieu of alimony would be subject to modification by the circuit court as provided by law, and (2) the action of Barbara in filing motions to modify the decree. It is apparent that the provision that the payment in lieu of alimony would be subject to modification by the court is an anomaly. As pointed out in *North*, alimony is an award made by the court for the support of the wife (prior to the Dissolution of Marriage Act) while payments in lieu of alimony are those payments provided by contract for the support of the wife. Since a payment in lieu of alimony is not statutory alimony, it would not be subject to modification by the court as held in *North*. Thus, the provision here for payments in lieu of alimony to be modified by the court contains an inherent contradiction. These two provisions are probably not only an anomaly but render the particular provision ambiguous. In construing an ambiguous contract this court must ascertain and render effective the mutual intent of the parties, and, in so doing, will consider the entire contract, the relationship of the parties, the subject matter and the practical construction the parties themselves have placed on the contract by their acts and deeds. *Grantham v. Rockhurst University*, 563 S.W.2d 147, 150[2–11] (Mo.App.1978). In construing this agreement in that light, this court has no difficulty in concluding that the payment in lieu of alimony is in fact a

contractual obligation. Looking to the contract as a whole it is clear the parties intended to completely settle all of their property rights arising from the marriage by this agreement. It is abundantly clear that the husband intended the wife to receive at least $1,500 per month and more if the Index increased. The parties fully released each other from all obligations and rights including the rights of dower and curtesy by the agreement. A reading of the agreement as a whole leaves no doubt that it is an agreement for a full and complete settlement of all claims between the parties, including the question of support for Barbara. The isolated statement that the payment in lieu of alimony would be subject to court modification cannot change the tenor of the entire agreement.

■ This conclusion is reinforced when William's second argument is considered. William contends Barbara construed the agreement to provide statutory alimony rather that contractual alimony because she filed a yearly motion to modify to increase payments resulting from an increase in the Index. While Barbara could have enforced the increase called for by the agreement by an independent action based on the agreement, the fact that she chose to enforce the agreement by a motion to modify is not destructive of contractual alimony. On January 1, 1974, Sections 452.300 to 452.415, RSMo 1978, became effective. By § 452.-415.3 those sections applied to all proceedings for the modification of a judgment entered prior to January 1, 1974. Section 452.370 provides that a decree may be modified as to maintenance (the new term for alimony) "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." As pointed out, Barbara's motions to modify were not based upon the statutory ground, but based wholly upon the provision of the agreement allowing an increase in the payments to Barbara on a showing of an increase in the Index. By stipulating that the payments to Barbara could be increased in five consecutive years solely on the provision of the agreement, William unquestionably recognized the validity of the agreement and his contractual obligation to increase the payments to Barbara based on the increase in the Index. Thus, the parties themselves construed the award to Barbara to be contractual and not statutory.

In *Kirk v. Kirk*, 598 S.W.2d 153, 155[5–7] (Mo.App.1980) the court stated that in previous cases such as *Nelson v. Nelson*, 516 S.W.2d 574 (Mo.App.1974) it had been held that a party was estopped to assert the payment was contractual when that party had in previous court proceedings successfully sought enforcement of the payment as statutory alimony. This court sees no reason why the reverse of that doctrine should not be applied in this case to estop William from asserting that payments are statutory when he has conceded in the five stipulations that Barbara was entitled to an increase based solely on the provisions of the agreement and not on any statutory ground.

William also makes some argument that the decree in this case provided for alimony in the same amount as the agreement and called the award alimony. In *North*, 100 S.W.2d at 587[11, 12] the court held that the decree may grant the wife the same allowance which the contract provides and call it alimony without converting the payment to statutory alimony.

At the time the decree was entered there is no doubt the attorneys and the court were fully aware of the agreement. It is clear from the record that the court entered its award of alimony based on the agreement and not upon the exercise of any independent judgment or discretion. This was found to be of great significance in *Singer v. Singer*, 390 S.W.2d 605, 609 (Mo. App.1965) in holding such an award was contractual.

This court concludes that the award to Barbara in the decree was based upon the contract and was not statutory alimony. For that reason the judgment of the trial court was correct and is affirmed.

All concur.